R. S. MERRIWETHER v. THE STATE.

No. 4571.     Decided March 3, 1909.

**Local Option—Defendant as a Witness—Cross-Examination—Other Offenses—Impeaching Witness—Moral Turpitude.**

Upon trial of a violation of the local option law it was reversible error to admit in evidence testimony of a former conviction for a violation of the local option law, independent of the case on trial; and this although limited to the purpose of impeachment. Overruling Levine v. State, 35 Texas Crim. Rep., 647; Dickey v. State, 56 S. W. Rep., 627. Approving Stewart v. State, 37 Texas Crim. Rep., 135, 38 S. W. Rep., 1144; Marks v. State, 9 Texas Ct. Rep., 309.

Appeal from the County Court of Hill. Tried below before the Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Hill County for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

There is only one question of any merit or moment raised on the appeal, and that relates to a matter occurring on cross-examination of appellant. He denied the sale of liquors as charged. On cross-examination he was asked by the county attorney the following question: "Is it a fact that sometime before this transaction you were arrested here in Hillsboro charged with selling whisky in violation of the prohibition law, and convicted and served your time on the poor farm?" This question and the answer sought to be elicited thereby were objected to because same was immaterial to any issue involved in the cause on trial, threw no light on any issue involved, and did not affect the credibility of the witness, and was prejudicial to the rights of the defendant. These objections were by the court overruled and the witness was required to answer and did answer that it was a fact that he had been arrested, charged and convicted for violating the local option law in Hill County. This question was ruled on in the case of Levine v. State, 35 Texas Crim. Rep., 647. There Levine was asked the question: "How many times have you been convicted for violating the liquor and Sunday law?" In passing upon the admissibility of this testimony the court say: "This, we think, was a legitimate question. Appellant was on trial for violating these laws, and the purpose of the testimony was to discredit the defendant as a witness." In the case of Dickey v. State, 56 S. W. Rep., 627, the court went further. It was there held that it was not error to permit counsel for the State to ask defendant who became a witness in his own behalf, whether he had not kept his place open for business and sold beer on Sunday, prior to the date of the offense charged. This testimony was held to be admissible not only for the purpose of discrediting appellant and as affecting his credibility, but it was stated such evidence may also be used to make out the offense against him. Judge Davidson, it seems, was absent when this case was handed down. We undertook to distinguish these cases from a decision rendered recently in the case of Jennings v. State, where we held that when an appeal was yet pending no

inquiry would be permitted touching a former conviction for the reason, in substance, if the appeal is still pending, the judgment of conviction was not final. It should be further stated that in this case the court gave the following instruction touching the matter above referred to: "The evidence as to the other sale and conviction heretofore of the defendant is admitted for the purpose of affecting the credibility as a witness of the defendant, if in fact it does affect his credibility as a witness, and you will consider such evidence for that purpose and that only." The cases cited above are difficult to reconcile with the case of Stewart v. State, 38 S. W. Rep., 1144, except on the proposition that in the Stewart case the mere arrest for a similar offense was sought to be shown and not a conviction therefor. That was the point decided in that case, though Judge Davidson, in disposing of it, says: "The fact that he may have been charged and arrested for violation of the local option law, or that he had been guilty of violating the local option law, was not such a crime as was admissible for the purpose of impeaching his testimony in this case." The still later case of Marks v. State, 9 Texas Ct. Rep., 309, went off for a still different reason. That case was tried sometime in 1903, and the offense, we infer from the record, was committed about that time. In that case it appears that on cross-examination Marks was forced to testify to the fact that when local option was theretofore in force in Hillsboro he was indicted in the court a number of times for violations of the local option law and that this occurred in 1894 or 1895. In passing on the question, Judge Davidson, speaking for the court, says: "Several objections were urged to the introduction of this testimony. Stewart v. State, 38 S. W. Rep., 1144, is directly in point and conclusive of the question that this was error. The State calls our attention to the Levine case, 35 Texas Crim. Rep., 647. We are of opinion that case is not in point nor is the question analogous. In Levine's case conviction was sought for violating the Sunday law, and the evidence of previous sales was introduced for the purpose of showing his guilt in the case on trial. The matters in the case in hand occurred eight or nine years before this trial, and could not have been introduced for that purpose. This case could not be made out by alleged violations eight or nine years previous to its alleged occurrence." It will be seen by an inspection of the case that in both the Stewart and Marks cases, *supra,* merely the fact of arrest was sought to be introduced and not the fact of conviction for a similar offense. After all it must be said, in fairness, that there is considerable confusion, if not downright divergence in the decisions of the courts on this matter, and we are called upon to either reconcile or to give such expression in respect to the question raised, as will be definite and final. We believe that the decision in the Levine case that proof of conviction of other sales of intoxicating liquors is admissible as affecting the credibility of the appellant is unsound. That the decision in the Dickey case,

*supra,* that such testimony may be used as original evidence of guilt is inherently wrong, to our minds admits of no doubt. We understand the rule to be that, charges preferred in a legal manner, and certainly convictions of crime which imply moral turpitude, are receivable in evidence as affecting the credibility of a witness or a defendant, but this rule has not been applied, we think, and should not be applied in respect to convictions which do not involve moral obliquity or of the grade of felony, or such as are not of the class that the law recognizes as involving moral turpitude. We feel, therefore, that the rule laid down in the Stewart and Marks cases, *supra,* is the correct rule. It, therefore, follows that the court erred in receiving in evidence testimony of former conviction of violating the local option law in Hill County, even though limited for the purpose of impeachment. For this reason the judgment of conviction is reversed and the cause remanded.

<div align="right">

*Reversed and remanded.*