## J. M. JUSTISS v. THE STATE.

### No. 96.   Decided November 3, 1909.

**Aggravated Assault—Simple Assault—Former Conviction—Evidence—Moral Turpitude.**

   Where, upon trial of aggravated assault, the defendant pleaded self-defense and former conviction in the city court of simple assault, it was reversible error to permit the State to cross-examine defendant about some previous fights he had had five and fifteen years before, and not connected with the transaction, as this was too remote to discredit defendant's testimony. Following Merriwether v. State, 55 Texas Crim. Rep., 438.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Collins & Cummins,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, and *Frazier & Shurtleff,* for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault and fined $25. This is the lowest possible punishment a jury could have given under a conviction for aggravated assault. The evidence shows the assaulted party, Moss, had a contract with appellant to paint a house. He was negligent about it and had ceased work. Appellant, riding along the street in his buggy, saw Moss and asked him why he was not fulfilling his contract. This led finally to a wordy altercation about which there is a difference of statements. The language was not of a friendly character on the part of appellant or Moss. Appellant's statement is that Moss called him a liar and a thief and thereupon he jumped out of his buggy and Moss ran into a house, as he, appellant, thought to get a gun, and that he followed Moss in there and engaged in a personal difficulty and hit him on the head with a bar of iron or steel. These wounds were not of a serious character. The information did not charge wounds of a serious nature, but only charged assault with a piece of iron which was then and there a deadly weapon. There was a complaint lodged in the City Court against appellant, charging him with a simple assault, to which he plead guilty. He paid the fine and cost, amounting to between $14 and $15. The complaint in the City Court was filed by a peace officer. Appellant plead jeopardy in bar of further prosecution. The court instructed the jury that if they found that appellant was only guilty of a simple assault they should acquit. While upon the witness stand and being cross-examined by the State, appellant was required to testify over his objection that he had had two previous fights—one about five years prior to this transaction, in the city of Corsicana, and the other about fifteen years prior to the time he was testifying. Objection was urged to the introduction of this testimony on several grounds, and following its introduction a motion was made to exclude the testimony from the jury. We are of opinion that this testimony should not have gone to the jury. It was not that character of testimony with which a defendant could be impeached and in addition it was too remote even if it had been impeaching, at least that with reference to the fight occurring fifteen years prior to the transaction. Marks v. State, 78

S. W. Rep., 512; Stewart v. State, 37 Texas Crim. Rep., 135, 38 S.
W. Rep., 1144; Merriwether v. State, 55 Texas Crim. Rep., 438, 116
S. W. Rep., 1148.   This testimony may have been used to the serious
·detriment of appellant inasmuch as, after having been admitted, it
·was not restricted to impeachment, but in any event this character of
testimony could not be used to discredit the testimony of appellant.
It is not of that character that is admissible for the purpose of im-
peachment.   See Merriwether v. State, 55 Texas Crim. Rep., 438,
116 S. W. Rep., 1148.  Besides this, appellant testified to matters rais-
ing the issue of self-defense.   This evidence may have induced the
jury to find the higher offense as against the plea of former convic-
tion.

For the reasons indicated the judgment is reversed and the cause
is remanded.

*Reversed and remanded.*

[Rehearing denied December 22, 1909.—Reporter.]