## Will Clay v. The State.

### No. 1567.   Decided February 21, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Proof of Other Sales.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting testimony of sales of intoxicating liquors to others than those named in the indictment. Following Fitch v. State, 58 Texas Crim. Rep., 366.

**2.—Same—Practice on Appeal.**

Where the question raised as to the Act of the Legislature in regard to the suspension of sentence can not arise on another trial, it need not be considered. Following Snodgrass v. State, decided at this term.

**3.—Same—Evidence—Moral Turpitude—Limiting Evidence.**

Where defendant was indicted for pursuing the occupation of selling intoxicating liquors in local option territory, testimony that he had been indicted a number of times for selling intoxicating liquors was inadmissible without showing that this was a felony, and then, the evidence should have been limited to the credibility of the witness.

**4.—Same—Charge of Court—Sale.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the defendant testified that he had no interest in the matter and was merely acting for the purchasers, they having promised him a drink, this theory should have been properly submitted to the jury in the court's charge, and if he was, in fact, acting as agent for the purchasers, it would not be a sale by him.

**5.—Same—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, there was no error in overruling a motion to quash. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

Appeal from the District Court of San Augustine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of pursuing the occupation of selling in-

toxicating liquors in local option territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Foster & Davis,* for appellant.—On question of the court's charge on agency, etc.: Miers v. State, 34 Texas Crim. Rep., 161; Wheeler v. State, 34 id., 350; Key v. State, 37 Texas Crim. Rep., 77; Washington v. State, 22 Texas Crim. App., 26; Wilson v. State, 27 Texas Crim. App., 47; Reynolds v. State, 8 Texas Crim. App., 412; Hays v. State, 30 Texas Crim. App., 472; Campbell v. State, 40 S. W. Rep., 282; Reed v. State, 44 S. W. Rep., 1093; Crawford v. State, 76 S. W. Rep., 576; Driver v. State, 48 Texas Crim. Rep., 20, 85 S. W. Rep., 1056; Gaston v. State, 102 S. W. Rep., 116; Evans v. State, 55 Texas Crim. Rep., 450, 117 S. W. Rep., 167.

On question of court's failure to limit evidence to credibility of witness: Jackson v. State, 33 Texas Crim. Rep., 281; Warren v. State, 25 S. W. Rep., 647; Mahoney v. State, 26 S. W. Rep., 622; Sexton v. State, 26 S. W. Rep., 833; Aliver v. State, 28 S. W. Rep., 202; Bennet v. State, 64 S. W. Rep., 254; Wilson v. State, 76 S. W. Rep., 434; Scoville v. State, 77 S. W. Rep., 792.

On question of moral turpitude: Tally v. State, 48 Texas Crim. Rep., 474; Merriwether v. State, 55 Texas Crim. Rep., 438, 116 S. W. Rep., 1148; Hardin v. State, 57 Texas Crim. Rep., 401, 123 S. W. Rep., 613; Hightower v. State, 60 Texas Crim. Rep., 109, 131 S. W. Rep., 324.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of pursuing the occupation of selling intoxicating liquors in territory where prohibition had been adopted, his punishment being assessed at three years in the penitentiary.

The court did not err in admitting proof of sales of intoxicating liquors to others than those named in the indictment. Appellant was being prosecuted for pursuing the occupation, and not for making a single sale, and in prosecutions for pursuing the occupation all evidence which would tend to show that he was doing so, would be admissible. This court in Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. 1040, held that when two specified sales were alleged, that the persons must be named to whom the liquor was sold, but it is permissible to show that defendant was engaged in the occupation of selling.

In view of the disposition of this case it is unnecessary to discuss the assignment relating to the Act of the Legislature in regard to suspension of sentence. In the case of Snodgrass v. The State, decided at this term, this Act was held unconstitutional and the question can not arise on another trial.

It was permissible to prove that defendant had been indicted for

other felonies, but the court erred in permitting the district attorney to compel defendant to answer that he had been indicted a number of times for selling intoxicating liquors. It is only in those counties where making a single sale of intoxicating liquors is a felony, that it is permissible to make this proof and then only for the purpose of affecting his credit as a witness, and when admitted for this purpose it should be limited to the purpose for which it was introduced, in the charge of the court. In this case the court erred in admitting the testimony, and erred in failing to limit the purpose for which the testimony was admitted showing that defendant had been indicted for other felonies. When the testimony was admitted he stated he would limit it in his charge, but failed to do so.

The defendant complains of the following paragraph of the court's charge: "If the defendant got the whisky he let Sim Worsham and Joed Eddings have from Will Garner and Joe Miles, and that he had no interest in the whisky so obtained, nor in the sale thereof, and was not acting for them or either them, and that he received no pay or promise of anything of value from them or either of them for getting said whisky from them, and that he received no pay or promise of anything of value from said parties for whom he got the whisky in payment therefor then as to those parties whom he let have the whisky so obtained in that way, if any, it would not be a sale under the law, and if you so believe, you will not consider the same in passing upon the guilt or innocence of the defendant in this case."

Defendant claims that said charge is confusing and misleading, and is erroneous in that it instructs the jury that if defendant received pay from the parties for whom he procured the whisky, although he had no interest in the sale, it would be a sale to them. The State's evidence would make defendant guilty of the offense charged, but appellant testified that the parties approached him, and asked him to get them some whisky and that he got the whisky for them from Will Garner and Joe Myers. That he had no interest in the matter, and was merely acting for the purchasers, they having promised him a drink. He was entitled to have his theory presented to the jury for them to pass on, and if he was in fact acting as agent for the purchasers, as he testifies, and got the whisky from Garner and Myers, it would not be a sale by him. In that paragraph above quoted the court tells the jury that if the "purchasers" paid for his services, it would be a sale by him. This is not the law. If he was in anywise interested in the sale, or if Garner and Myers paid him for selling it, he would be guilty under the law, but he would not be making a sale of whisky if Worsham and Eddings paid him for securing the whisky for them as their agent and he was in no way interested in the liquor and received no profit therefrom, even though the persons for whom he procured the whisky paid him for his services in going and getting it. If he pursued this character of business he might be guilty of taking orders for intoxicating liquor, but it would not be a sale by him.

The court did not err in overruling the motion to quash the indictment. This form of indictment is approved in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W., 125. See also Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W., 1073; Dozier v. State, 62 Texas Crim. Rep., 258, 137 S. W., 679, and authorities cited in these cases.

However, for the errors above pointed out this case is reversed and the cause remanded.

*Reversed and remanded.*

Prendergast, Judge, absent.