FRANK MISHER v. STATE.

No. 2016. Decided December 4, 1912.

Rehearing denied January 29, 1913.

1.—Occupation—Intoxicating Liquors—Local Option—Indictment—Precedent.

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, there was no error. Following Slack v. State, 61 Texas Crim. Rep., 372.

### 2.—Same—Other Sales—Evidence.

Upon trial of pursuing the business or occupation of selling intoxicating liquors in local option territory, testimony of any and all sales made by defendant was admissible as a circumstance going to show that he was engaged in said business. ' Following Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245, and other cases.

### 3.—Same—Charge of Court—Evidence—Record—Date of Sale.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the witnesses for the State were unwilling witnesses and could not fix the date of the different sales by the defendant, it was permissible to show by the court record of their former testimony at the examining trial the date of such sales; the court instructing the jury that they must acquit defendant if they had a reasonable doubt that he made at least two sales as charged in the indictment to persons named therein, and that he pursued the occupation, etc.

### 4.—Same—Rule Stated—Evidence—Recollection of Witness—Date of Offense.

If a witness had no present recollection of the fact, if he is able to refer to data which he knows was correct at the time it was made, the data may be used to prove the fact, even though at the time of the trial, the witness had no independent recollection of the fact. Following Kimbrough v. State, 28 Texas Crim. App., 367, and other cases.

### 5.—Same—Charge of Court—General Objections.

An objection that the court erred in submitting to the jury paragraph 1 of the court's general charge, without pointing out the error, is too general to be considered on appeal. Following Quintana v. State, 29 Texas Crim. App., 401.

### 6.—Same—Intoxicating Liquor—Charge of Court—Beer.

A charge of the court that beer is an intoxicating liquor as a matter of law is proper. Following Moreno v. State, 64 Texas Crim. Rep:, 660, 143 S. W. Rep., 156.

### 7.—Same—Number of Sales.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment alleged four separate and distinct sales, the contention that the proof must show each of such sales is untenable, as it is only necessary to prove two.

### 8.—Same—Charge of Court—Definition of Occupation.

Where the court instructed the jury that in order to constitute the occupation of selling intoxicating liquors, etc., it is meant that which occupied a part of the attention and time of the defendant as a business or calling and which he pursued for the purpose of profit and gain, and that he made at least two sales prior to the filing of the indictment, the same was sufficient and not on the weight of the evidence.

Appeal from the District Court of Uvalde. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. B. Fenley* and *C. Lawrence,* for appellant.—On question of the court's charge on occupation: Standfield v. State, 62 S. W. Rep., 917; Ball v. Com., 99 S. W. Rep., 326; Howard v. Com., 104 S. W. Rep., 263; State v. Sullinger, 127 S. W. Rep., 922; Gardner v. State, 57 Tex. Crim. Rep., 471, 125 S. W. Rep., 13; Thomas v. State, 57 Tex.

Crim. Rep., 452, 125 S. W. Rep., 35; Glenn v. State, 76 S. W. Rep., 757; Brown v. State, 76 S. W. Rep., 475; Duff v. Com., 68 S. W. Rep., 390; State v. Marsh, 71 S. W. Rep., 1003.

On question of court's charge on number of sales: Ison v. Com., 66 S. W. Rep., 184; Ball v. Com., 99 S. W. Rep., 326.

On question of fixing date of sales and admitting testimony on examining trial: Martinez v. State, 9 S. W. Rep., 356; McCollum v. State, 14 S. W. Rep., 1020; Scruggs v. State, 34 S. W. Rep., 951; Hobbs v. State, 55 Tex. Crim. Rep., 299, 117 S. W. Rep., 811.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of following the business and occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the State penitentiary.

After alleging that prohibtion was in force in Uvalde County, in proper terms, the indictment alleges that thereafter, to wit: "on or about the 15th day of July, A. D. 1909, and prior to the filing of this indictment, in the County of Uvalde, and State of Texas, one Frank Misher, did then and there unlawfully engage in and pursue the business and occupation of selling intoxicating liquor, the same not then and there being permitted by law in said county, and he, the said Franch Misher, did then and there in said county and State, on or about the 1st day of August, A. D. 1909, unlawfully sell four bottles of beer, the same then and there being intoxicating liquor, to one Roy Crane; and he, the said Frank Misher, in said county and State, did then and on or about the 15th day of August, A. D. 1909, unlawfully sell six bottles of beer, the same then and there being intoxicating liquor, to one Roy Crane; and he, the said Frank Misher, in said county and State, did during the month of August, A. D. 1909, unlawfully sell intoxicating liquor, to wit: One bottle of whisky, to one S. T. Bunting, and he, the said Frank Misher, did then and there unlawfully during the said month of August, A. D. 1909, sell intoxicating liquor, to wit: beer and whisky to one J. T. Power and to divers and various other persons, whose names are to the grand jurors unknown, and in quantities to the grand jury unknown, all of which said occupation and business of selling intoxicating liquors was in violation of said law, and which said occupation and business so unlawfully pursued and engaged in by the said Frank Misher, was not then and there permitted by law in said County of Uvalde aforesaid, against the peace and dignity of the State." This form of indictment has been so frequently approved by this court, we do not deem it necessary to discuss these questions again. Slack v. State, 61 Tex. Crim. Rep., 372, 136 S. W. Rep., 1073, and cases there cited.

In addition to proving sales to the persons above alleged, the State also proved by Josh Barker that he had bought beer from defendant

on four or five different occasions, paying him 20 cents per bottle for it; that defendant kept the beer in a large ice-box or refrigerator, and when the box was opened witness saw a large quantity of beer in it. And by Lee Robinson, that he purchased a dozen bottles of beer from defendant on the day of his arrest. The objection urged to this testimony was, "that it was irrelevant and immaterial, for the reason that it was nowhere alleged in the indictment that the defendant ever sold to these witnesses any intoxicating liquor." The defendant was not charged with making a "sale"; this is one offense, and pursuing the business or occupation is a separate and distinct offense, made so by our laws, and evidence of any and all sales made would be admissible as a circumstance going to show that appellant was engaged in that business or occupation, as was the fact that he had a large quantity of beer on hand in his place of business in an ice-box. (Robinson v. State, 66 Tex. Crim. Rep., 392, 147 S. W. Rep., 245; Dickson v. State, 66 Tex. Crim. Rep., 270, 146 S. W. Rep., 914.) Clay v. State, 65 Tex. Crim. Rep., 590, 144 S. W. Rep., 280.

At the request of appellant the court instructed the jury: "Gentlemen of the Jury: You are instructed as a part of the law of this case that even though you should find that the defendant made two sales of intoxicating liquors to the witnesses, Josh Barker and Lee Robinson, and that said sales were made since July 11, 1909, you are bound to acquit the defendant; unless you should in addition thereto further find beyond a reasonable doubt that the defendant also made at least two sales as charged in the indictment to persons named in the indictment, and that said sales were made since July the 11th, 1909." In this case it was alleged that a sale had been made to S. T. Bunting. Bunting testified on this trial that he purchased a bottle of whisky from appellant in the summer of 1909, and paid seventy-five cents for it. He could not fix the exact time, but said that it was just about the time Hulett Bowles was killed, and that he purchased the liquor for W. R. Cook. The deputy sheriff was then introduced, and testified that Bowles was killed about the 4th day of August, 1909, and Cook testified that it was a day or two after Bowles received his death wounds when Bunting purchased the whisky for him. This testimony was all admissible. Another witness fixed the date on which he purchased the liquor as the day defendant was arrested, and the officer was permitted to state that he arrested defendant August 20th. This testimony was also admissible in order to fix the date. J. T. Powers testified that he had purchased both beer and whisky from defendant on a good many occasions, and paid him for it, but could not remember the date of the purchases, saying, "I paid him considerable money for beer and whisky, but do not now remember the amount of money nor the date of purchases." He stated he moved to Uvalde in March, 1909, and all the beer and whisky was purchased after that date and prior to the arrest of defendant. Witness remembered testifying at the examining trial, and said it may

have been a month, six weeks or two months before the examining trial when he purchased the liquors. The State then introduced the justice of the peace, who identified the examining trial docket of his court, and said, "these entries are in my handwriting; I made them myself; I wrote the dates myself, and I know I wrote the date correctly." After which the State introduced the docket, which showed the examining trial in causes Nos. 198 and 199 were held on August 21, 1909; in No. 200 on August 23, 1909; in Nos. 201, 202 and 203 on August 30, 1909, all being cases against defendant charged with selling intoxicating liquor. The Encyclopedia of Evidence, vol. 11, page 105, lays down the rule to be: "A public officer called as a witness may refresh his memory by the entries of records in his office, which he knew at the time of making to be correctly made. The witness must be able to say that the writing is a true statement; but it is not necessary that the witness should have an actual recollection of the facts; it is sufficient that the witness is able to state the memorandum is correct." citing authorities from almost every State in the Union.

Again, another witness for the State, Roy Crane, testified to the purchase of beer from defendant during the year 1909 some time between January and September, and said he paid him for it, but in his testimony declined to fix the date of purchase, whether prior or subsequent to July 11, 1909. He was then asked if he testified at the examining trial, and being shown his testimony at the examining trial, said that it did not refresh his memory to the extent of rendering him able to testify positively to the date of purchase, independent of and without referring to this testimony. He stated, however: "I know I testified correctly at the examining trial, and I signed the testimony that was written down. I signed this document myself. At the examining trial I detailed the facts and told the truth, and I suppose the document I hold in my hand, which was signed by me, contains a correct statement of my testimony at the examining trial." After thus testifying the State was permitted to prove that the date set forth in the instrument was August 15, 1909, as the date of purchase by witness from defendant. In Vol. 11 of the Encyclopedia of Evidence the rule is stated to be: "If a witness, on looking at a writing, is able to testify that he knows the transaction therein noted took place, though he has no present memory of it, his testimony is admissible," citing 8 Ala., 9; 182 Mass., 463; 20 Mo. 473; 9 New York Sup., 607; 72 S. C., 74; 12 Am. Dec., 643; 56 Ver., 426; 57 Pa., 421. and in 20 Wis., 412, the court said: "We think the sounder and better rule to be that if the witness can swear positively that the memoranda or entries were according to the truth of the facts, that is sufficient, though they may not remain in his memory at the time he gives the testimony. He may testify from the entries, and when he does so, he swears positively to the truth of the facts in them." In this work, beginning on page 95 and down to and including page 107, will be

found an extensive treatise on this question, and a long list of authorities holding that the court did not err in admitting this testimony. The same rule is laid down by Mr. Underhill in his work on Criminal Evidence, in sec. 217, where will also be found a list of authorities sustaining the text. Mr. Wharton, secs. 516, et seq., says a witness may refresh his memory by memorandum, and it is not fatal that now witness had no recollection independent of the memorandum.

Mr. Greenleaf, in his work on Evidence, treats of this question in secs. 436 and 437, and says: "Where the witness recollects having seen the writing before, and though he now has no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it he knew the contents to be correct, it is admissible." In his case the witness recollects distinctly testifying at the examining trial; that his testimony was taken down in writing and signed by him, and he identifies his signature to this instrument, and he recollects that at that time he correctly stated the date of purchase, although at the time of this trial he does not now remember the date, but does remember making the purchases, and under such circumstances it was permissible to prove the date as was done in this case. This question is treated of by Judge White in Kimbrough's case, 28 Texas Crim. App., 367; by Judge Davidson in Stringfellow's case, 42 Texas Crim. Rep., 588, and by Judge Brooks in Arnwine's case, 54 Texas Crim. Rep., 213, and in all of them it is held that if the witness has no present recollection of the facts, if he is able to refer to data which he knows was correct at the time it was made, the data may be used to prove the fact, even though at the time of trial he has no independent recollection of the fact, and by the United States Supreme Court, in the case of Putnam v. United States, 162 U. S., 687, this question is treated at length. In this case it is true the date of sale and purchases was a material fact to be proven. The law under which appellant was prosecuted became effective July 11, 1909, and the defendant was arrested and had an examining trial the latter part of August, 1909, and it was necessary to prove that the defendant was engaged in the business and occupation subsequent to July 11, 1909, and prior to the return of the indictment herein, consequently the sales sought to be proven must have been subsequent to July 11, 1909. When the trial takes place long after the transaction, it is not remarkable that the witnesses could not name the date of sale,—while he would remember distinctly the purchase of the commodity. None of us would hardly retain in our memory the distinct date. In addition to this, the court, in approving the bills, states the witnesses were unwilling witnesses, and adverse to the State, and under such circumstances, where the witnesses were unwilling to fix the date of purchase, but would state facts and circumstances by which the dates could be fixed, it was permissible to resort to this character of testimony to fix the date. In one instance the witness stated positively he purchased whisky, but could not name the date of purchase; however, he did

state that it was on the day defendant was arrested. Another stated he purchased beer, but could not fix the date, but said it was within four or six weeks prior to the date of the examining trial. It was then permissible to show by the court records the date of the examining trial. In another instance the witness would not fix the date, but said at the examining trial he had testified to the date correctly, and the testimony was reduced to writing, and it was permissible to prove the date by this record.

The court in his charge instructed the jury that they must believe beyond a reasonable doubt that defendant engaged in the business or occupation after July 11, 1909, and prior to the filing of the indictment in this case, and, in addition thereto, made at least two sales of intoxicating liquors to parties named in the indictment within that period of time, or they would acquit him.

Those paragraphs of the motion reading: "the court erred in submitting to the jury paragraph one of the court's general charge," pointing out no error in the paragraph, are too general to be considered. (Quintana v. State, 29 Texas Crim. App., 401.)

The complaint that the court erred in charging the jury as a matter of law that beer is an intoxicating liquor, has been decided adversely to appellant's contention. (Moreno v. State, 64 Tex. Crim. Rep., 660, 143 S. W. Rep., 156.)

The complaint that, because the indictment alleged four separate and distinct sales the proof must show each of such sales was made, is not tenable. It was only necessary to prove that appellant was engaged in the occupation and made two of the sales alleged to have been made, and the court did not err in so instructing the jury. Acts 31st Legislature, chap. 15, page 284.

The court charged the jury: "In order to constitute the occupation or business of selling intoxicating liquors, as alleged in the indictment in this case and as prohibited by law as set out in paragraph one of these instructions is meant that which occupied a part of the attention and time of the defendant as a business or calling, and which business he pursued for the purpose of profit and gain, and it must also be shown in addition to this, if at all shown, it must be shown that at least two sales of intoxicating liquors had been made by the defendant in Uvalde County, Texas, subsequent to July 11th, 1909, and prior to the filing of the indictment herein.

"Now gentlemen of the jury, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Frank Misher, in Uvalde County, Texas, and on or about the time alleged in the indictment, and after the 11th day of July, 1909, and prior to the 7th day of April, 1911 (date of filing the indictment herein), did unlawfully engage in and pursue the business of selling intoxicating liquors, as these terms have been hereinbefore explained to you, and you further find from the evidence beyond a reasonable doubt that the defendant in Uvalde County,

Texas, and on or about the times alleged in the indictment and in each and every instance, since the 11th day of July, 1909, did make two separate and distinct sales of intoxicating liquors as alleged, to at least two of the parties whose names are set out in the indictment, then and in case you so find, you will find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for any time not less than two nor more than five years, and unless you so find you will acquit the defendant.''

The objections to these paragraphs are: (1) That the court did not require the jury to believe that the sales were made before the filing of the indictment. The court does so instruct the jury in the first paragraph herein copied. (2) The next criticism is that these paragraphs are upon the weight of the testimony. We think a careful, if not a casual, reading of them will demonstrate that such complaint is not well founded. In the first paragraph the court is defining occupation or business, and while some expressions may be inapt, yet such charge is not subject to the criticism that it is upon the weight to be given the testimony. (3) The other criticism, that it only required two sales to be proven, while the indictment alleged more than two, has heretofore herein been discussed.

We have carefully studied this record, and the evidence adduced on the trial, and are fully convinced that the evidence supports the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 29, 1913.—Reporter.]