JUMBO JENNINGS V. THE STATE.

No. 4761. Decided January 16, 1918.

1.—Local Option—Sufficiency of Evidence—Alibi.

Where, upon trial of a violation of the local option law, defendant pleaded an alibi and the testimony was conflicting, but these issues were submitted to the jury without complaint, there was no reversible error on that ground.

2.—Same—Evidence—Impeachment—Moral Turpitude.

The offense of pursuing the business of selling intoxicating liquors in prohibited territory being a felony, there was no error in permitting the State on cross-examination of defendant to show that he had been indicted for such offense.

3.—Same—Evidence—Misdemeanor—Moral Turpitude.

The sale of intoxicating liquors without a license being a misdemeanor in the federal courts, and not imputing moral turpitude, proof that such prosecution was had against the defendant was inadmissible. Following Kirksey v. State, 61 Texas Crim. Rep., 298, and other cases.

4.—Same—Moral Turpitude—Misdemeanor.

While charges preferred in a legal manner, which imply moral turpitude, are admissible in evidence as affecting the credibility of a witness this does not apply to offenses which do not involve moral turpitude, and which are not of the grade of felony.

Appeal from the County Court of Smith. Tried below before the Hon. W. R. Castle.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and imprisonment of twenty days in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the unlawful sale of intoxicating liquor in territory where the sale was prohibited by law. The offense was a disdemeanor and the punishment fixed at a fine of $25 and twenty days confinement in the county jail. The sale was proved by the State; denied by appellant, and the defense of alibi interposed. These issues were submitted to the jury in a charge which was not complained of.

The offense of pursuing the business of selling intoxicating liquor in prohibited territory being a felony, proof on cross-examination of appellant that he had been indicted therefor was legitimate for impeachment purposes, and his bill of exception complaining thereof. is without merit. Branch's Ann. P. C., p. 101, sec. 167, and cases cited.

Proof that appellant had been charged in the Federal court with the sale of intoxicating liquors without a license was not admissible for the purpose of impeaching him. It was a misdemeanor not imputing moral turpitude, and proof of this class of offenses has been frequently held inadmissible for the purpose of impeachment. Branch's Ann. P. C., pp. 102 and 103, sec. 169; Shepherd v. State, 76 Texas Crim. Rep., 307, 174 S. W. Rep., 609; Hightower v. State, 73 Texas Crim. Rep., 258, 165 S. W. Rep., 186; Johnson v. State, 67 Texas Crim. Rep., 441, 149 S. W. Rep., 165; Clay v. State, 65 Texas Crim. Rep., 402, 144 S. W. Rep., 280; Kirksey v. State, 61 Texas Crim. Rep., 298; Hightower v. State, 60 Texas Crim. Rep., 109; Jennings v. State, 55 Texas Crim. Rep., 147; Marks v. State, 78 S. W. Rep., 512; Lee v. State, 45 Texas Crim. Rep., 51; Stewart v. State, 37 Texas Crim. Rep., 135, 38 S. W. Rep., 1144; Tyrrell v. State, 38 S. W. Rep., 1011; Merriwether v. State, 55 Texas Crim. Rep., 438, in which case Judge Ramsey, passing on the question, states the rule as follows: "We understand the rule to be that charges preferred in a legal manner, and certainly convictions of crime which imply moral turpitude, are receivable in evidence as affecting the credibility of a witness or a defendant, but this rule has not been applied, we think, and should not be applied in respect to convictions which do not involve moral obliquity or of the grade of felony, or such as are not of the class that the law recognizes as involving moral turpitude."

The admission of the illegal testimony mentioned requires a reversal of the lower court, which is ordered.

*Reversed and remanded.*