ADOLPH SCHERPIG v. THE STATE.

No. 12254.   Delivered February 20, 1929.

The opinion states the case.

*J. E. Edmondson,* for appellant. On failure to charge on all defensive issues raised by evidence, the appellants cites: Green v. State, 58 Tex. Crim. Rep. 428; McKaskel v. State, 260 S. W. 588; Miller v. State, 52 Tex. Crim. Rep. 78; Lewis v. State, 48 Tex. Crim. Rep. 614 and Green v. State, 156 S. W. 860.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manslaughter; punishment, five years in the penitentiary.

This case reveals a rather unsual procedure. The county attorney of Austin county was the first witness for the State and by him a written statement made by appellant on the day of the alleged homicide, was proved up. The State then offered a part of said written statement in which appellant admitted that he shot deceased with a shot gun while the latter was at the home of appellant. Nothing in the portion of said confession thus offered, shed light on the motive or cause for the killing. After proving further by a doctor and the justice of the peace the nature of the wounds and that death was

caused thereby, and by one witness that appellant was drinking on the day of the homicide, the State rested.

Appellant introduced a number of character witnesses by whom he also proved that he had never been convicted of a felony, and then offered a further part of the same written statement taken by the county attorney, from which it appeared that on the occasion of the homicide and a little before the shooting, appellant's wife had informed him of insulting conduct toward her on the part of the deceased. Appellant then also rested. In its rebuttal the State offered all of the testimony of appellant as given by him on a former trial of this case, which was read to the jury, and both sides rested.

In his charge to the jury the learned trial judge gave the following instruction:

"You are instructed that the testimony of the defendant given upon a former trial of this case was permitted to be introduced for the purpose of enabling you, if it does do so, to pass upon the credibility of the defendant and the truthfulness of the statement of the defendant, which has also been introduced in evidence; and must not be considered for any other purpose."

Exception was taken to this on the ground that the testimony as to what appellant swore on his former trial, was before the jury for all purposes and that it was error to so attempt to limit same. The bill presenting this exception is qualified by a statement of the trial court, in effect, that when this rebuttal testimony was offered by the State, the district attorney said he was offering same for the purpose of impeaching the defense now offered on this trial, and to show that on a former trial the defendant stood upon another defense,—the qualification setting out that the district attorney stated as follows: "This is offered not to establish the truth of it, not upon he question of the guilt or innocence of the defendant, but for the purpose of impeaching the defendant, and as affecting his credibility, and impeaching the defense now offered." Appellant attempted to except to this qualification, but the fact of such exception is here certified in no way save by the statement over appellant's attorney's signature of the fact of such exception. This is not sufficient, and the bill must be considered by us with the qualification as made. Ashley v. State, 107 Texas Crim. Rep. 465.

Beyond question what appellant had sworn to on a former trial of this case, if material to any issue before the court upon this trial, would be admissible testimony when offered by the State; but appellant not having taken the stand as a witness upon this trial, his

credibility was not an issue, and the testimony should not have been admitted for the purpose of affecting such credibility, nor should the charge of the court have undertaken to limit its admission to such purpose. The charge was to this extent on the weight of testimony and in the nature of a comment on same. Hayes v. State, 36. Texas Crim. Rep. 146; Hightower v. State, 60 Texas Crim. Rep. 109.

But, being admitted without objection, can the State after introducing it refuse to give appellant the benefit of such parts of same as support the theory of self-defense, which appears to be raised by the testimony of the appellant upon the former trial? We think not. In said testimony appellant swore that when the insults toward his wife were renewed while he was at the table and when he went to get his gun,—deceased reached for a butcher knife and was in the act of grabbing it when appellant fired. In other words, when the State introduces the confession of one accused, upon his trial, and some of the statements are inculpatory and some exculpatory,—the State may not claim that its purpose in such introduction was merely to impeach the credibility of the accused and show by proof of contradictory statements that the accused was a falsifier, but the State will be held bound by its proof of the exculpatory statements containing facts which, if true, are favorable to 'the accused and this principle applies to the reproduction of appellant's testimony formerly given. In such case he is entitled to have such testimony considered for what it is worth for all purposes; and the court should have charged in this case on the law of self-defense as raised by the testimony thus introduced. The charge was excepted to upon the ground that it failed to instruct on self-defense. We might observe that if the State offers testimony of material benefit to the accused, it may no more deprive him of such benefit by a charge instructing the jury that such testimony cannot be considered for the purpose affected by the part favorable to the defense, than the State could offer testimony damaging to the accused from various angles, and the court refuse to limit same to the one purpose had in the mind of the State.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*