## FRANK MCGINNIS V. THE STATE.

No. 17116. Delivered January 30, 1935.
Reported in 78 S. W. (2d) 978.

The opinion states the case.

*Carter & Carter,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Helen Dorothy McGinnis "by kicking the said Helen Dorothy McGinnis." Francis Edward Duffy, a witness for the State, had traveled on freight trains from Pennsylvania to San Antonio with appellant and deceased. After reaching San Antonio appellant and deceased took up their abode in a box car. Duffy lived in a box car near them. In response to questions propounded to him by the district attorney, he testified that he did not know Helen Dorothy McGinnis. He said: "All the name I ever knew was Louise." He testified further that the only name he had ever heard appellant call deceased was Louise. However, his testimony was to the further effect that he had heard a woman who lived in the vicinity of the box car call her Dorothy. Appellant testified that deceased's name was Louise Ashland Hight; that she had never been his wife; that after his arrest he advised the officers that they were in error in charging him with killing Helen Dorothy McGinnis, as her true name was Louise Ashland Hight. On this point appellant's testimony was not controverted. A witness for the State testified that appellant had introduced deceased to her as his wife, and that he said at the time: "Meet my wife Dorothy." Another witness testified that she knew deceased by the name of Helen; that neither appellant nor deceased had ever told her that her name was Helen, but that people would say, "That's Helen McGinnis," or "There are Frank and his wife."

Appellant timely and properly excepted to the charge of the court for its failure to submit to the jury the issue as to whether deceased was known by the name of Helen Dorothy McGinnis, as charged in the indictment. Article 401, C. C. P., provides, in part, as follows: "When a person is known by two or more names, it shall be sufficient to state either name." The decisions are to the effect that, when the issue is raised by the evidence, the jury should be called upon to determine whether the person named in the indictment is known by the name given therein. Bell v. State, 25 Tex., 574; Davis v. State, 11 S. W., 647. In Gonzales v. State, 31 S. W., 371, it is shown that the prosecutrix in a rape case was known by some of the witnesses as Nora Lee Simmons and by others as Nora Lee Slaughter. It was held that the court properly submitted the issue to the jury as to the name of said prosecutrix. In Roberts v. State, 144 S. W., 940, the purchaser of intoxicating liquor was alleged in

the indictment to be Joy Binge. It developed upon the trial that his name was George and not Joy. On cross-examination the witness stated that he was called Joy by three persons but that his name was not Joy. In the course of the opinion Judge Davidson used language as follows: "We are of opinion that the fact that three persons called him Joy is not sufficient to constitute the fact that he was commonly known as Joy, or that he was as well known by the name of Joy as by his real name George." We take the following from Branch's Annotated Penal Code, sec. 460: "The name of the injured party must be proved as laid and a material variance between the allegation and proof as to such name is fatal. Gorman v. State, 42 Texas, 221; Perry v. State, 4 Texas App., 566; Schindler v. State, 17 Texas App., 408; Willis v. State, 24 Texas App., 487, 6 S. W., 200; Milontree v. State, 30 Texas App., 152, 16 S. W., 764; Stewart v. State, 31 Texas Crim. Rep., 154, 19 S. W., 908; Henderson v. State, 38 S. W., 618; Atkins v. State, 44 Texas Crim. Rep., 293, 70 S. W., 744; Wolf v. State, 85 S. W., 8; Williams v. State, 49 Texas Crim. Rep., 105, 90 S. W., 876; Carnes v. State, 53 Texas Crim. Rep., 490, 110 S. W., 750; Hankins v. State, 57 Texas Crim. Rep., 152, 122 S. W., 22; Jones v. State, 62 Texas Crim. Rep., 637, 138 S. W., 703; Luttrell v. State, 143 S. W., 629; Roberts v. State, 144 S. W., 940."

Again, we quote from Branch, sec. 460: "If the injured party was generally known by the name alleged it is immaterial what the true name was."

Under the circumstances reflected by the record, the opinion is expressed that the trial court should have responded to the exception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.