IRA HANEY v. THE STATE.

No. 24045. Delivered May 12, 1948.

*M. W. Burch,* and *L. W. Sampson,* both of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws in a dry area and by the jury given a fine of $100.00, and sentenced to serve 60 days in jail.

Complaint is made relative to the insufficiency of the evidence. The opinion is expressed that there is no merit in such contention.

Appellant took the witness stand and testified. Upon his cross-examination by the State, it is shown by Bills of Exception Nos. 1 and 2 that he was asked whether he had been previously convicted of a felony in Hood County, same being for cattle theft. Over appellant's objections he was caused to answer:

"Yes, I have lived in Hood County, Texas; I lived there about twenty years. Yes, sir, I was convicted in the District Court of Hood County for the offense of cattle theft. I got into trouble over some cattle. Yes, I served some time in the State Penitentiary."

On re-direct examination he said: "It was about fifteen or sixteen years ago, maybe longer, that I was convicted. Yes, in Hood County."

This question was objected to on account of the conviction being too remote; that it was inflammatory to the minds of the jury and did not fix a date or time on which the conviction was had.

There are also objections filed to the court's charge wherein he limited this testimony relative to a prior conviction, the objection stating that the trial court assumed that such prior conviction did affect appellant's credibility. Such should have been avoided. We think the conviction for cattle theft, shown to have

been fifteen or sixteen years prior thereto and no such further convictions shown, was too remote.

In Vick v. State, 71 Tex. Cr. R. 50, 159 S. W. 50, we held that in the absence of intervening convictions, a conviction had fourteen years prior to the trial was too remote and not admissible against an accused. Again, in Bowers v. State, 71 S. W. 284, fifteen years was held too remote; Winn v. State, 54 Tex. Cr. R. 538, 113 S. W. 918, fourteen years was too remote; Bogus v. State, 55 Tex. Cr. R. 126, 114 S. W. 823, fifteen years was held too remote; Justiss v. State, 57 Tex. Cr. R. 218, 123 S. W. 413, fifteen years was held too remote; Brown v. State, 56 Tex. Cr. R. 389, 120 S. W. 444, eleven years was held too remote. For many other cases, see Branch's Ann. Tex. P. C., p. 103, sec. 170, and many more recent cases.

While we have not set any certain number of years in determining the remoteness of a conviction, usually each case must be considered on its own merits; and when it is shown, as in the present case, that no further conviction has been had within fifteen years prior thereto, such conviction was too remote. The law in its kindliness operates under the idea that the purpose of the reformation of the offender has been accomplished when he has reformed for such a period of time from the commission of further offenses.

On account of the admission of testimony of this remote conviction of appellant, the judgment is reversed and the cause remanded.