JESSE STEVENS V. STATE

No. 27,680. June 22, 1955

*James L. Drought,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *James C. Onion,* First Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, four years.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary.

Prior to taking the stand in his own behalf, the appellant testified in the absence of the jury for the purpose of making his bill. He stated that he had been convicted in 1940 at the age of 19 for the offense of burglary, had served his sentence, and was released in June of 1943; he served in the Army until 1946, and since his discharge had been continuously and gainfully employed until December 17, 1954, the day he was arrested. He testified that he had been in no other trouble since his 1940 conviction and asked that the state not be permitted to prove the 1940 conviction because the same was too remote, which motion was by the court refused.

In Dillard v. State, 153 Texas Cr. Rep. 134, 218 S.W. 2d 476, the accused had been released in 1938 and was called to testify in 1948. In the case at bar, the accused was released in 1943 and called to testify in 1955. In the Dillard case, we pointed out that there was no proof of non-reformation on the part of the appellant since his release from prison. We are inclined to agree with the appellant that the 1940 conviction was too remote in the light of appellant's age at the time of his early conviction, together with proof of his reformation which the state was unable to refute. See, also, Perez v. State, 141 Texas Cr. Rep. 575, 150 S.W. 2d 402, and Abercrombie v. State, 159 Texas Cr. Rep. 417, 264 S.W. 2d 727.

In view of another trial, we express some doubt as to the sufficiency of the evidence under the present record to sustain the conviction.

The owner of the burglarized premises was out of the state at the time of the trial. In order to prove non-consent, the state called appellant's companion, who was arrested with him, and he testified that he did not have the owner's consent to enter. On cross-examination, he stated that the appellant did not enter with him and that the appellant did not know he intended to enter. He stated that the appellant stopped as they were walking along in order to relieve his bowels, that he went ahead and made the entry, and when the appellant arrived he asked the witness what he was doing inside the building. The appellant's testimony corroborates this version of the transaction as given by the state's witness.

For the error pointed out, the judgment is reversed and the cause remanded.