ANNA KING BLESSETT V. STATE.

No. 31,043. November 11, 1959.
State's Motion for Rehearing Overruled, December 16, 1959.

*Baker, Callahan & Brady,* by *Andrew Z. Baker,* Galveston, for appellant.

*Jules Damiani, Jr.,* Criminal District Attorney, *Thomas L. Douvry,* Assistant Criminal District Attorney, Galveston and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, three years.

The evidence shows that on April 20, 1958, the appellant committed an assault upon Dorothy Bolton, by shooting her with a pistol.

Appellant testifying in her own behalf admits that she shot the assaulted party with a pistol but states that she acted in self defense.

Appellant contends that the trial court erred in requiring her to testify that on April 17, 1946, she was convicted of murder without malice and given a five year suspended sentence over her objection that such conviction was too remote.

Before the appellant was required to testify that she had been convicted on April 17, 1946, the trial court in the absence of the jury heard testimony as to her intervening conduct in order to determine the remoteness of the 1946 conviction.

518

The evidence shows that the 1946 conviction occurred more than twelve years before the commission of the offense charged in the instant case. There was no testimony on the hearing showing that the appellant had since April 17, 1946, been convicted of a felony or of a misdemeanor involving moral turpitude.

The testimony on the hearing in the absence of the jury apprised the trial court of the remoteness of the 1946 conviction and the objection that it was too remote when offered before the jury should have been sustained. 45 Texas Jur., 235, sec. 318; 1 Branch 2 Ed., 213-214, sec. 192; Abercrombie v. State, 159 Texas Cr. Rep. 417, 264 S.W. 2d 727; Stevens v. State, 162 Texas Cr. Rep. 19, 280 S.W. 2d 283.

The testimony introduced by the appellant, without objection, that she had not within the last ten years been convicted of a felony, did not authorize the state to then prove that she had been convicted of murder over twelve years before the commission of the instant offense, unless there was first a showing that such prior conviction was not too remote due to a conviction of a felony or of a misdemeanor involving moral turpitude occurring since said conviction. 1 Branch 2 Ed., p. 210, sec. 190, and p. 213, Sec. 192.

The testimony of appellant's prior conviction was of a prejudicial nature and its admission is evidence calls for a reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.