James Elvin **LIVINGSTON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 40803.

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Dan R. McCormack, Dallas, for appellant.

Henry Wade, Dist. Atty., Arch Pardue, Tom Reese and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, 25 years.

Appellant's grounds of error one and two must be sustained. The record in this case and the record in our relatively recent case of Blessett v. State, 168 Tex.Cr.R. 517, 329 S.W.2d 434, are almost identical. While appellant was being cross examined at the hearing on the question of guilt or innocence, he was asked if he was the same person who had been convicted of petty larceny in 1951 in Portland, Oregon. Upon objection the jury was retired. In the jury's absence and over his counsel's objection that the same did not involve moral turpitude, appellant was questioned about a 1963 conviction for carrying a pistol.

In the presence of the jury he was asked and required to answer over his counsel's objection about such pistol case, and the court stated that it was "admitted for another purpose". Appellant was then questioned about a 1952 conviction for robbery, and the court overruled the objection that the same was too remote, and appellant testified that he went to prison in 1952, and "got out" in 1955, which was well in excess of 10 years prior to the instant trial in 1967.

The only difference between the case at bar and Blessett v. State, supra, is that in Blessett the accused was interrogated in the absence of the jury about several intervening misdemeanor convictions which did not involve moral turpitude, and the court stated that the proof of such misdemeanor convictions "takes this out of the general rule with regard to remote convictions." In the case at bar the court said that the misdemeanor conviction which was proven before the jury was "admitted for another purpose".

In Blesset v. State, supra, we said:

"The testimony on the hearing in the absence of the jury apprised the trial court of the remoteness of the 1946 conviction and the objection that it was too remote when offered before the jury should have been sustained. 45 Tex.Jur. 235, sec. 318; 1 Branch 2 Ed., 213–214, sec. 192; Abercrombie v. State, 159 Tex. Cr.R. 417, 264 S.W.2d 727; Stevens v. State, 162 Tex.Cr.R. 19, 280 S.W.2d 283.

The testimony introduced by the appellant without objection, that she had not within the last ten years been convicted of a felony did not authorize the state to then prove that she had been convicted of murder over twelve years before the commission of the instant offense, unless there was first a showing that such prior conviction was not too remote due to a conviction of a felony or of a misdemeanor involving moral turpitude occurring since said conviction. 1 Branch 2 Ed., p. 210, sec. 190, and p. 213, sec. 192.

The testimony of appellant's prior conviction was of a prejudicial nature and its admission in evidence calls for a reversal."

For the error pointed out, the judgment is reversed, and the cause is remanded.