**Dennis Earl JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47432.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 999 years.

Appellant urges three grounds of error, none of which challenges the sufficiency of the evidence.

In his first ground, appellant contends that the jury's verdict is cruel and unusual punishment. This Court has held that if the penalty is within the prescribed limits set by the Legislature the jury's verdict will not be disturbed. In the very recent opinion of this Court in Angle v. State, Tex.Cr.App., 501 S.W.2d 99, this principle was reaffirmed. No error is shown.

In ground number two, appellant complains of certain sidebar remarks of the prosecutor made during the cross-examination of appellant. Appellant gives four "examples" of the comments in question.

(1) "Prosecutor: All right. Let me ask you about this. I'm sure you have got a good explanation for it, but I would like to hear it and—

"DEFENSE COUNSEL: Your Honor, I object to the sidebar remarks.

"COURT: Sustained."

No further relief was requested. Having received all the relief requested, no error is shown. Cazares v. State, Tex.Cr.App., 488 S.W.2d 110.

(2) "A [Appellant]: As I have been put in fear of my life many times.

"Q [Prosecutor]: I suspect you have, with good cause.

"DEFENSE COUNSEL: Your Honor, we object to the sidebar remarks of the Prosecuting Attorney.

"COURT: Sustained.

"DEFENSE COUNSEL: We ask the jury be instructed to disregard it.

"COURT: The jury is to disregard it, not to consider it for any purpose.

"DEFENSE COUNSEL: We feel like the instruction is not sufficient and we ask for a mistrial.

"COURT: Denied."

We do not find that the remark was so prejudicial that the trial court's instruction could not cure it. No reversible error is shown. Cazares v. State, supra.

(3) The objection leveled in the trial court at the prosecutor's remarks in this instance was that they constituted a narrative. Since the complaint now made was not made in the trial court, nothing is presented for review. Bacon v. State, Tex.Cr.App., 500 S.W.2d 512.

(4) The record reflects that no objection was made to the final "example" of a sidebar remark. Nothing is presented for review.

In his final ground of error, appellant contends that the trial court erred in failing to give his requested charge on murder without malice during the guilt or innocence phase of the trial.

The record reflects that appellant and Thomas Harris, who was charged with the

same offense in a companion case, flagged down a truck in south Dallas in the early morning hours of November 10, 1971, after several hours of drinking beer. Harris, testifying as a witness for the State, related that he and appellant had found themselves short of money and decided to "take some". During the course of the events which followed, Harris took over the task of driving the truck. In the process he sideswiped a telephone pole; he testified that as he did so be became nervous because he had seen a police car parked nearby. Dallas Police Officer Clark testified that he and his partner, Johnnie Hartwell, observed the truck strike the pole and then continue down the street, swerving and weaving across the road. The truck finally came to a stop when it hit a second telephone pole. Appellant testified that this second collision with a telephone pole knocked him from his seat on the passenger side of the truck, causing him to strike his head on the dashboard, dazing him. Officer Clark parked his police car in such a position behind the truck that flight was impossible. Officer Clark ordered Harris and the original driver of the truck to get out, and he proceeded to search them. Officer Hartwell had started around the front of the truck when Officer Clark heard several shots. He saw appellant attempting to flee. Gunfire was exchanged between Clark and appellant and several other officers who arrived on the scene. Appellant was later apprehended with four or five gunshot wounds. Officer Hartwell died of a single bullet through the heart.

Appellant testified that he was dazed by the collision, that he stumbled from the truck, dropped the gun he had in his pants, picked it up and was moving around the front of the truck with his hands up when he was shot in the wrist by Officer Hartwell. Appellant testified on cross-examination that he fired only in self-defense.

The record fails to raise the issue of murder without malice. There is no testimony that appellant was acting under the influence of sudden passion. Appellant continuously asserted that he was acting in his own defense out of fear for his life. The fact that appellant may have been dazed moments earlier is not sufficient to raise the question of "sudden passion."

The trial court gave an appropriate and complete charge on self-defense and the jury was also instructed to acquit appellant if they had a reasonable doubt that he killed the deceased voluntarily and with malice aforethought.

The requested charge was not re-urged in the trial court in the punishment phase. See Brazile v. State, Tex.Cr.App., 497 S. W.2d 302; Foster v. State, Tex.Cr.App., 493 S.W.2d 812.

Finding no reversible error, the judgment is affirmed.