**Willie Henry McCLENDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47376.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

On Motion for Rehearing May 29, 1974.

Rehearing Denied June 19, 1974.

Jon Mercer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The court assessed the punishment at fifteen years.

The appellant contends that self-defense was shown as a matter of law; a variance existed between the allegation of the name of the deceased in the indictment; a remote felony conviction was used to impeach him; and, the court erred in refusing to charge on murder without malice.

The second contention will be considered first. The indictment alleged that the appellant killed Mose Dineal by shooting him with a gun. The name of the deceased was proved by several witnesses to be Mose Dineal Howard. The wife of the deceased testified that he was also known as Mose Dineal. Appellant cites several cases and relies upon McGinnis v. State, 127 Tex.Cr.R. 621, 78 S.W.2d 978, which refers to the statement in the original Branch's Penal Code, Section 460 (Section 480, page 468, Branch's Ann.P.C.2d):

"If the injured party was *generally* known by the name alleged it is immaterial what the true name was." (Emphasis added)

In 1 Branch's Ann.P.C.2d, Section 480, supra, it is written:

"The evidence is insufficient if the name of the injured party is not proved as laid either by proof that he was known or sometimes called by the name alleged or that it was in fact his name or of the same sound."

and,

"The name by which a party is known or sometimes called is in law his name."

In Johnson v. State, 126 Tex.Cr.R. 356, 71 S.W.2d 280, this Court held that where the proof shows that the victim was known by two names either may be alleged in the indictment. We hold that there was sufficient proof for the jury to conclude that

the deceased was also known as Mose Dineal.[1]

To understand the contention that self-defense was shown as a matter of law and that the evidence raised an issue of murder without malice, the testimony will be detailed.

The appellant and approximately 50 people were at a New Year's Eve party at the L. J. Lounge in Houston. Shortly before the homicide, L. J. Prudhomme, the owner of the lounge, put Ronnie, a friend of the deceased, outside, apparently because "Ronnie was bugging the appellant and was making a commotion." About an hour later, Mose, the deceased, came in and had a discussion with the appellant. While they were talking, appellant shot him with a .25 caliber pistol. The bullet hit him in the chest "one inch below the supersternal notch . . . that is the little 'v' shaped indention . . . between the inner edge of the two collar bones" one inch below and one half inch to the left of the midline. The bullet went downward through the right lung and out between the fifth and sixth ribs and lodged just under the skin in the right side of the back some four inches to the right of the midline.

The deceased was unarmed.

Jimmy Williams, a witness called by the appellant, testified that Mose came into the lounge and asked appellant what was wrong with him and Ronnie. Appellant replied that nothing was wrong. Then Mose asked the question again and when appellant repeated the answer, ". . . then Mose told Willie to shut up and when he did that Willie stood up, and Mose put his hand in his pocket, and Willie came out with his pistol and shot him." Williams testified that he thought Mose was going to kill Willie (the appellant).

The appellant testified that he had the pistol the night in question because he had

been collecting rent and forgot he had it. He related that he was in the lounge talking to Jimmy Williams when Mose came over and touched him on the back and asked what he had done to Ronnie. He also testified that when he told Mose that he had not done anything to Ronnie that Mose cursed him. He did not see a gun but he thought Mose reached for one to kill him. He testified that he was scared and feared for his life, and that is when he reached in his pocket, got the gun and shot Mose.

We hold that the evidence does not show self-defense as a matter of law. The court charged on self-defense. The jurors are the judges of the credibility of the witnesses. They chose not to believe the appellant's testimony on self-defense. It would have to be a rare case for self-defense to be shown as a matter of law especially where an unarmed man has been shot.

We also hold that the court did not err in refusing to charge on murder without malice. There is no testimony that the appellant was acting under the influence of sudden passion. His reason for the shooting was self-defense. No such charge was required. Jones v. State, 504 S.W.2d 906 (1974).

Prior felony convictions against the appellant were shown. The date of the offense in the present case was December 31, 1970. The trial started October 11, 1971. The appellant was convicted in 1948 in Bastrop County for the offense of murder; his punishment was assessed at life. He was released from this conviction in 1959. He contends that since he had been released from confinement more than ten years before his trial, the proof of the prior conviction was error because of remoteness.

In most instances where a prior felony conviction has been used for impeachment, it has been held remote if the time of one's

---

1. Where an issue as to the name of the deceased person is raised, it is proper for the court to submit it to the jury for its determination. McGinnis v. State, 78 S.W.2d 978; Johnson v. State, 71 S.W.2d 280. No such issue was requested.

discharge from such conviction is more than ten years. See 62 Tex.Jur.2d, Witnesses, Section 340, page 381; Penix v. State, Tex.Cr.App., 488 S.W.2d 86; Livingston v. State, Tex.Cr.App., 421 S.W.2d 108; Haney v. State, 152 Tex.Cr. 63, 211 S.W.2d 215. However, the often referred to ten-year rule of thumb is not always followed. Each case must rest upon its own circumstances. See Dillard v. State, 153 Tex.Cr.R. 134, 218 S.W.2d 476.

If more than ten years have elapsed since the discharge date of a prior conviction and if the witness has not reformed, proof of such prior conviction may be shown for impeachment purposes.

In the present case, the facts are different from the ordinary case. The appellant testified on direct examination that he had not been convicted for a felony offense in this or any other state during the last ten years, and that he had not been in any trouble with the law during that time. On cross-examination, he testified that in 1968 in Long Beach, California, he pled guilty and was convicted for "displaying a firearm in a rude and threatening manner." In that case he served ten days in jail and paid a fine. He also testified that during the ten-year period he had been convicted for driving while intoxicated in California.

Appellant contends that the California misdemeanor convictions were not offenses involving moral turpitude and could not have been introduced had he not testified that he had no trouble with law enforcement officers during a ten-year period prior to the present trial.

The prior conviction for displaying a firearm in a rude and threatening manner is sufficient to show that the appellant had not reformed after he was released from his murder conviction. This conviction (as well as the driving while intoxicated conviction) was properly introduced under the facts of this case. See Crisp v. State, Tex.Cr.App., 470 S.W.2d 58. Such proof shows lack of reformation. We hold that the admission of evidence to show the prior misdemeanor convictions was not error. Under these circumstances, the court did not err in admitting proof of the prior murder conviction.

The judgment is affirmed.

MORRISON, Judge (dissenting).

Appellant's gratuitous statement that he had not been in any trouble with the law during the last ten years clearly authorized proof of any "trouble with the law" which appellant had experienced during that period, *but it did no more*. Only a felony conviction or one for an offense involving moral turpitude will revitalize remote convictions. Livingston v. State, 421 S.W.2d 108.

The rule of remoteness is based upon reason. An accused should not be impeached by convictions which occurred so far in the past that they do not shed any light on his credibility at the time of trial.

Offenses which do not involve moral turpitude have no bearing on the credibility of an accused and should not be employed as they have been by the majority to revitalize old crimes.

I would reverse the conviction.

ONION, P. J., joins in this dissent.

OPINION ON APPELLANT'S
MOTION FOR REHEARING

GREEN, Commissioner.

On motion for rehearing, appellant renews his contention that the judgment should be reversed because of the admission in evidence of appellant's "remote" felony conviction of murder for purposes of impeachment.

The record reflects that the instant trial commenced October 11, 1971, and that the deceased was killed on December 31, 1970. Appellant, as a witness for himself at the guilt stage, testified to facts raising the issue of self-defense. On direct examina-

tion, he testified that he had not been convicted of a felony in this or any other state *during the past ten years,* and that he had not been in any trouble with the law during that time. On cross-examination, he stated that he had been convicted of "displaying a fire-arm in a rude and threatening manner" in California in 1968. He also stated that he had been convicted of driving while intoxicated in California on June 9, 1968. Both of these convictions, as the State admits, were for misdemeanors which do not involve moral turpitude. Stephens v. State, Tex.Cr.App., 417 S.W.2d 286; Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17; Burton v. State, 149 Tex. Cr.R. 327, 194 S.W.2d 398; Porter v. State, 152 Tex.Cr.R. 540, 215 S.W.2d 889; Williams v. State, 130 Tex.Cr.R. 86, 91 S. W.2d 709; 62 Tex.Jur.2d, Witnesses, § 271, p. 243.

Thereafter, the State was permitted to prove, over appellant's objection of remoteness, that on December 22, 1948, appellant was convicted of murder in Texas and that he served time in the State penitentiary until November 10, 1958, when he was released on parole. The record reflects that his parole was terminated in 1967.

In determining remoteness of a conviction the computation of time should begin after release from prison. King v. State, Tex.Cr.App., 425 S.W.2d 356, 357.

As stated in the majority opinion on original submission,

"In most instances where a prior felony conviction has been used for impeachment, it has been held remote if the time of one's discharge from such conviction is more than ten years. See 62 Tex.Jur. 2d, Witnesses, Section 340 page 381; Penix v. State, Tex.Cr.App., 488 S.W.2d 86; Livingston v. State, Tex.Cr.App., 421 S.W.2d 108; Haney v. State, 152 Tex.Cr. 63, 211 S.W.2d 215. However, the often referred to ten-year rule of

thumb is not always followed. Each case must rest on its own circumstances. See Dillard v. State, 153 Tex.Cr.R. 134, 218 S.W.2d 476."

In *Dillard,* supra, this Court held to be inadmissible for impeachment and prejudicial a prior conviction of a violation of the Dyer Act; i. e., transporting a stolen automobile over the State line. The defendant had been released from the penitentiary ten years prior to the subsequent trial. The opinion states that other elements must be considered in addition to the passage of ten years in determining whether this was error, and that the facts of each case must be looked to and considered in determining the question of remoteness. The judgment was reversed.

In Crisp v. State, Tex.Cr.App., 470 S. W.2d 58, tried in March, 1970, a 1956 felony conviction was held to have been properly admitted to impeach the defendant where it was also proved that he had been convicted in 1961 of a misdemeanor involving moral turpitude, and in 1962 of a felony. The Court reiterated the rule that the question of remoteness is to be determined in the light of the facts of each case, and evidence of lack of reformation or subsequent conviction of another felony or misdemeanor involving moral turpitude causes the prior conviction not to be subject to the objection of remoteness.

A conviction of a misdemeanor which does not involve moral turpitude has not been considered as evidence of a lack of reformation. See Livingston v. State, 421 S.W.2d 108; Blessett v. State, 168 Tex. Cr.R. 517, 329 S.W.2d 434.

We quote from Bustillos v. State, Tex. Cr.App., 464 S.W.2d 118, 119, as follows:

"Since the early case of Lights v. State, 21 Tex.App. 308, 17 S.W. 428 (1886— Court of Appeals), the rule was established that the credibility of a witness in a criminal case could be attacked by a

showing that he had been convicted of a crime. There are, however, some limitations upon the rule which developed. The conviction must be for a felony or a misdemeanor involving moral turpitude, the conviction must be final and must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness and the evidence must be limited to the fact of the conviction itself and details thereof may not be shown."

In Penix v. State, 488 S.W.2d 86, 88, we said:

"Even though this court has never 'undertaken to fix arbitrarily and absolutely a space of time which would characterize such testimony as too remote', there seems to have developed a rule of thumb or guideline that such should not be admitted if the time lapse exceeds ten years. See, e. g., 62 Tex.Jur.2d, Witnesses, Section 340, at page 381, where it is written that:

" 'Nevertheless, the tendency of many decisions is to hold that an interval of ten years, counting from the time of release from jail if the defendant served a term of imprisonment, renders the previous conviction unavailable for impeachment, . . .'

"See, e. g., Livingston v. State, Tex.Cr. App. 421 S.W.2d 108; Haney v. State, 152 Tex.Cr.R. 63, 211 S.W.2d 215.

"On the other hand, the tendency has been that the trial court's discretion to admit such conviction has generally been upheld if the period of time was less than ten years. . . ."

In *Penix*, a felony conviction was held to be admissible for impeachment when 9 years 8½ months had elapsed from the date of defendant's release from prison to the date of the trial.

We repeat what was said in the dissenting opinion in this case on original submission:

"Appellant's gratuitous statement that he had not been in trouble with the law during the last ten years clearly authorized proof of 'any trouble with the law' which appellant had experienced during that period,[1] but it *did no more*. Only a felony conviction or one for an offense involving moral turpitude will revitalize remote convictions. Livingston v. State, 421 S.W.2d 108."

In Livingston v. State, supra, the defendant appealed from a conviction of assault with intent to murder. The trial court, over defendant's objections, permitted the State to prove for impeachment purposes that in 1963 the defendant had been convicted of carrying a pistol, and previous thereto he had served time in the penitentiary from 1952 to 1955 on a murder conviction. The instant trial was in 1967.

In reversing the judgment and holding that the misdemeanor conviction did not involve moral turpitude, and that the murder conviction was too remote to be used for impeachment, this Court quoted with approval from Blessett v. State, supra, as follows:

"The testimony on the hearing in the absence of the jury apprised the trial court of the remoteness of the 1946 conviction and the objection that it was too remote when offered before the jury should have been sustained. 45 Tex.Jur. 235, sec. 318; 1 Branch 2 Ed., 213–214, sec. 192; Abercrombie v. State, 159 Tex.Cr. R. 417, 264 S.W.2d 727; Stevens v. State, 162 Tex.Cr.R. 19, 280 S.W.2d 283.

"The testimony introduced by the appellant, without objection, that she had not within the last ten years been convicted of a felony did not authorize the state to

---

1. See Ochoa v. State, Tex.Cr.App., 481 S.W.2d 847, 850.

then prove that she had been convicted of murder over twelve years before the commission of the instant offense, unless there was first a showing that such prior conviction was not too remote due to a conviction of a felony or of a misdemeanor involving moral turpitude occurring since said conviction. 1 Branch 2 Ed., p. 210, sec. 190, and p. 213, sec. 192.

"The testimony of appellant's prior conviction was of a prejudicial nature and its admission in evidence calls for a reversal."

In *Blessett*, the accused was interrogated in the absence of the jury about several misdemeanor convictions not involving moral turpitude, and the trial court stated that proof of such misdemeanors "takes this out of the general rule with regard to remote convictions." As above stated, this Court held that an intervening conviction of a misdemeanor not involving moral turpitude would not perform that task.

We hold that under the fact situation in this case, the trial court erred to the prejudice of appellant in admitting in evidence at the guilt stage for impeachment the felony conviction of appellant where 12 years 11 months had elapsed between his release from prison and the trial.

In view of our disposition of the case, it is not necessary that we pass on the other contention raised in appellant's motion. The motion is granted.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS and ODOM, JJ., dissent to the reversal of this conviction for the reasons set out in the opinion on original submission.