**Vernon Walter ROBERTS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–136–CR.**

Court of Appeals of Texas,
Fort Worth.

May 19, 1982.

Rehearing Denied June 30, 1982.

Foreman, DeGuerin & DeGuerin, and Lewis Dickson, Houston, for appellant.

Tim Curry, Dist. Atty., Fort Worth, and M. Eugene Grant, Jr., Asst. Dist. Atty., for State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. Punishment was assessed by the jury at sixty-two years confinement in the Texas Department of Corrections.

We reverse and remand.

A detailed rendition of the facts of this case is unnecessary. Suffice it to say, that on June 3, 1979, appellant forcibly entered the apartment of his estranged wife and fatally shot her, following a brief confrontation between the two.

During the guilt or innocence phase of the trial, the appellant took the stand in his own behalf. Before appellant testified, a hearing was held outside the presence of the jury on his motion in limine. The motion sought to prevent the State from making any reference to a prior conviction appellant had received for the offense of assault with intent to murder. The trial court overruled appellant's motion. Despite this ruling, appellant elected to testify. On cross examination the prosecutor asked the following question: "As a matter of fact, aren't you the same Vernon Walter Roberts who was convicted on April the 12th, 1965, in the Criminal District Court of Harris County, Texas, in Cause No. 113546, of the offense of assault to murder?" The defense counsel's objection was overruled and appellant was instructed to answer the question, to which his reply was in the affirmative.

By his initial ground of error, appellant contends that the trial court reversibly erred by permitting the State to make reference to his prior conviction. Appellant readily concedes that, within established guidelines, a prior conviction may be used for purposes of impeaching a defendant's testimony during the guilt or innocence phase of a trial. Appellant argues, however, that the prior conviction was too remote to be used for impeachment in this case because his release from prison was twelve years prior to the instant trial. We agree.

■ "The question of remoteness of prior convictions is addressed largely to the discretion of the trial judge." *Davis v. State,* 545 S.W.2d 147, 150 (Tex.Cr.App.1976); *Bustillos v. State,* 464 S.W.2d 118 (Tex.Cr. App.1971). Generally, the trial court's decision will be held not to constitute an abuse of discretion where the period of time is less than ten years. *Taylor v. State,* 612 S.W.2d 566 (Tex.Cr.App.1981); *Penix v. State,* 488 S.W.2d 86 (Tex.Cr.App.1972). The critical period, with regard to remoteness, is the time between the date of release from confinement and the date of the witness' testimony. *Taylor v. State, supra; Miller v. State,* 549 S.W.2d 402 (Tex.Cr.App.1977).

Appellant was convicted on April 12, 1965, of assault with intent to murder, for which he received a ten year sentence. On December 11, 1967, appellant was paroled and released from prison. The trial of the instant case commenced on January 7, 1980. Therefore, more than twelve years had elapsed from the date of appellant's release to the date of his testimony in the instant case.

■ The State correctly argues that the time element is not controlling in itself, but is merely one factor to be considered in determining remoteness. *Davis v. State, supra; Dillard v. State,* 153 Tex.Cr.R. 134, 218 S.W.2d 476 (1949). Other factors germane to the remoteness inquiry:

> are youthfulness of the accused at the time of the prior conviction, subsequent conduct as reflecting lack of reformation, the nature of the accusation and the facts and circumstances of the alleged offense, and the length and severity of the penalty assessed. *Bustillos, supra; Dillard, supra.*

*Davis v. State, supra,* at 150.

■ When the time element exceeds ten years, the prior conviction nevertheless will

not be held remote if the State can show appellant's lack of reformation. Lack of reformation is shown by evidence of an intervening conviction for a felony or a misdemeanor involving moral turpitude. *Crisp v. State,* 470 S.W.2d 58 (Tex.Cr.App. 1971); *King v. State,* 425 S.W.2d 356 (Tex. Cr.App.1978); *Courtney v. State,* 424 S.W.2d 440 (Tex.Cr.App.1968); *Gill v. State,* 147 Tex.Cr.R. 392, 181 S.W.2d 276 (1944). In each of these cases the prior convictions were held not to be remote, although they exceeded ten years, because of the occurrence of the intervening offenses.

■ In the instant case no showing of an intervening conviction was made. However, the State relies on the striking similarity between the prior conviction (assault with intent to murder his then ex-wife) and the instant case, to show appellant's lack of reformation. This identical contention has been expressly rejected by the Court of Criminal Appeals in *Davis v. State, supra,* at 150, wherein, citing *McClendon v. State,* 509 S.W.2d 851 (Tex.Cr.App.1974), the court stated:

> In *McClendon,* a murder conviction was reversed for improper admission of a prior murder conviction where 12 years and 11 months had elapsed from the defendant's release from prison and the trial. *The fact that appellant was tried for a crime of the same nature cannot revitalize the remote prior conviction.*

(Emphasis added.)

This court would prefer a more liberal rule allowing the admissibility of the prior conviction, even though beyond the "rule of thumb" ten year period described above, particularly in a case involving a violent crime such as murder. However, we are bound by the law as presented to us in the several cases set forth in this opinion, and reluctantly we must adhere to what we perceive the law to be.

Accordingly, we hold that, absent any intervening conviction showing a lack of reformation, the twelve year time period present in the instant case rendered the prior conviction too remote. The trial court reversibly erred by allowing it to be used for impeachment of appellant's testimony. *Davis v. State, supra; McClendon v. State, supra.*

The judgment of the trial court is reversed and remanded.

HOLMAN, J., concurs.

HOLMAN, Justice, concurring.

I concur that the opinion of my colleagues is a correct expression of the remoteness rule in Texas as it applies to the facts of this case.

I strongly believe, however, that a modification of the rule would better serve the search for truth and justice that is the objective of our judicial system.

In the present case, appellant armed himself and went to his wife's apartment and became involved in an encounter that resulted in her death.

In 1965, appellant was convicted of assault with intent to murder his prior wife and was sent to prison. He was paroled in 1967.

While a paroled prisoner is out of prison, he is not *discharged* from his *conviction,* but continues to be subject to his full sentence, until he either serves its remainder or is pardoned. *Ex Parte Lefors,* 165 Tex.Cr.R. 51, 303 S.W.2d 394 (1957).

The evidence is that appellant's prior conviction was pardoned on August 4, 1970, which is less than 10 years prior to the date of trial in the present case.

While only a "rule of thumb" for determining remoteness, a period of 10 years appears solidly entrenched in this State as the period of limitation. *McClendon v. State,* 509 S.W.2d 851 (Tex.Cr.App.1974).

The rationale as expressed in *McClendon* is sound: An accused should not be impeached by convictions which occurred so far in the past that they do not shed any light on his credibility at the time of trial.

It also is well established that in determining the remoteness of a prior conviction, the computation of the intervening time is

deemed to have begun on the date the prisoner was *released from prison*, albeit on parole. *McClendon, supra.*

However, 67A *C.J.S.*, Pardons and Paroles, observes in section 57 that:

Although the parole grants him partial liberty and allows him greater freedom of movement than he had previously, it does not change his status as a convict, and does not operate as a discharge. Under or apart from statutes expressly so providing, a paroled prisoner, although conditionally released from actual custody, remains in legal custody and is constructively a prisoner of the state or nation, as the case may be.

.    .    .    .    .

The paroled prisoner remains under conviction and is still serving his sentence. A parole does not vacate, set aside, or terminate the sentence, modify it, or shorten the term.

Yet the Texas remoteness rule treats the date of parole as if it is the date on which the prisoner is discharged from his conviction, having fully paid his debt to society.

When an accused is tried for the intentional taking of a human life and has been convicted previously on a like charge, or on a prior charge of assault with intent to murder, then the singular fact that he was paroled during the prior sentence should not cause the 10-year period to expire sooner than it would if he had served the entire sentence in prison instead of on parole.

In such trials, unless the trial court in its sound discretion determines that the prejudicial effect of the evidence of the prior conviction on such charges substantially outweighs its probative value, the computation of 10 years should not begin until the originally scheduled expiration date of the prior sentence or date of full pardon, whichever is earlier.

Having concluded that this court has reached the only result presently available to it under the authority of *Davis* and *McClendon, supra,* though being dissatisfied with that result, I concur.