NO. 07-03-0305-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 15, 2003



______________________________



CITY OF CANYON AND LOIS RICE, APPELLANT



V.



KEVIN FEHR AND BRIAN GOSS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 53,045-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON MOTIONS


 Pending before the Court in this accelerated appeal from Cause No. 53,045-A in
the 47th District Court of Randall County are: (1) Appellant Wal-Mart's Motion for Extension
of Time to File Notice of Appeal and (2) Appellee's Motion to Strike Defendant's [sic]
Amended Notice of Appeal.


Wal-Mart's Motion for Extension of Time

to File Notice of Appeal


 Wal-Mart's motion for extension of time alleges that it purchased the tracts of
property involved in the underlying suit on June 17, 2003, and that it intervened in the suit
on June 26, 2003. Wal-Mart participated in the hearing held by the trial court on June 26th
which resulted in the order signed on June 30, 2003, from which this appeal is taken. Wal-Mart's motion, in substance, seeks an extension of time based on possible prejudice to
Wal-Mart by its absence from the appeal, its intent not to seek delay of the briefing
schedule or hearing of the appeal, and the alleged lack of prejudice to other parties to the
appeal if its motion is granted.

 The facts set out in Wal-Mart's motion, if taken as true, demonstrate that it is a party
to the underlying suit with an interest in the outcome which might be affected by the
outcome of the appeal, it seeks to be a party to the appeal, and the other parties will not
be prejudiced by its presence. The facts contained in such assertions do not meet the
requirements of Tex. R. App. P. 10.5(b)(1)(C), (1) thus do not meet the requirements of TRAP
26.3(b), and are insufficient basis to grant the motion. Wal-Mart's motion is denied.

Motion to Strike Defendant's [sic]

Amended Notice of Appeal
 

 On July 1, 2003, the appellants City of Canyon and Lois Rice (collectively, "City")
filed their original Notice of Appeal from the trial court's order signed on June 30, 2003. 
On July 30th an amended notice was filed. On August 6th, appellants' brief was filed. 

 As relevant to the motion of appellees Fehr and Goss to strike the amended notice,
the original notice specified that "[City] desires to appeal, under authority of Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(4) & (8) (Vernon 2001), the order of the trial court
denying [City's] plea to the jurisdiction." The amended notice of appeal is the same as the
original notice, except for changing the above-quoted sentence to read "[City] desires to
appeal, under authority of Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) & (8) (Vernon
2001), the order of the trial court denying [City's] plea to the jurisdiction and granting
Plaintiffs' temporary injunction." 

 Civil Practice and Remedies Code Section 51.014(a)(4) authorizes interlocutory
appeals from orders granting temporary injunctions. Section 51.014(a)(8) authorizes
interlocutory appeals from orders denying pleas to the jurisdiction by a governmental unit. 

 TRAP 25.1(e) authorized the City to file the amended notice, subject to being
stricken for cause on motion of a party affected by the motion. The motion to strike filed
by Fehr and Goss alleges good cause for striking the amended notice because (1) the
amendment expands the scope of the appeal and the City is attempting to use the
expanded appeal to avoid the effect of the temporary injunction issued by the trial court;
and (2) the City is attempting to use the appellate system to avoid a prompt resolution of
the dispute by the trial court. 

 Fehr and Goss do not present any authority, as related to the subject of their
motion, which requires an appellant to specify in a notice of appeal more than the date of
the order appealed from and that the appealing party desires to appeal. See TRAP
25.1(d)(2) & (3). They do not cite authority for their allegation that the amended notice
expanded the scope of appeal from that encompassed within the original notice. Nor do
they complain that they are prejudiced because the original notice of appeal referenced
the specific statutory bases for interlocutory appeals from both injunctive orders and
denials of a governmental unit's while including only language referencing the order's
denial of the City's jurisdictional challenge, while the amended notice gave the same
statutory references and added the above-quoted language which seems to be repetitive
of the provisions of § 51.014(a)(4). 

 The original notice was sufficient to appeal from the order in question. The City's
original notice did not disclaim appealing from the part of the order granting injunctive
relief, but on the contrary, specified the statutory basis for interlocutory appeals from
orders granting injunctive relief. (2) The amended notice did not expand the scope of the
appeal.

 The motion to strike is denied. 


 Per Curiam 

 

1. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
____."
2. We do not imply that more is required in a notice of appeal than is specified by the
language of TRAP 25.1(d). But, we must address the specifics of the notices and motions
presented to and before us. 


style="font-family: 'Arial', sans-serif">_________________________________

FROM THE COUNTY COURT AT LAW TWO OF LUBBOCK COUNTY;

NO. 2006-498,891; HONORABLE DRUE FARMER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant George Myers appeals his conviction of driving while intoxicated and the
resulting sentence of 180 days in county jail and a $1,000 fine. By three issues, appellant
contends: (1) the trial court erred in permitting the State to impeach him with two prior
convictions; (2) the trial court erred in denying his motion to suppress; and (3) the evidence
is factually insufficient to support his conviction. We will overrule each of appellant’s
issues, and affirm. 
 
Background
          By an April 2006 information, appellant was charged with driving while intoxicated.


 
The case was tried to a jury in October 2006. Evidence at trial showed appellant was the
driver of a car involved in a one-vehicle rollover outside the city of Slaton, in Lubbock
County. A Department of Public Safety trooper testified he arrived at the scene of the
accident and found appellant in an ambulance, being treated by emergency personnel. 
Appellant told the trooper he was traveling from Dallas to Lubbock when the accident
occurred. During the course of his conversation with appellant, the trooper noted an odor
of an alcoholic beverage. Appellant admitted he had been drinking. Appellant was taken
to a Lubbock hospital shortly thereafter where blood samples were taken. The results of
tests of those samples led to the instant prosecution. Appellant testified at trial, denying
that he was intoxicated.
          The jury found appellant guilty as charged in the information. Punishment was
assessed against appellant at confinement in the Lubbock County Jail for a term of 180
days and a $1,000 fine. The court imposed sentence accordingly and appellant timely
appealed.  
 
Analysis
Impeachment Evidence
          In appellant’s first issue, he contends the trial court erred in permitting the State to
impeach him with two prior felony convictions. Texas Rule of Evidence 609 provides that,
for the purpose of attacking the credibility of a witness, evidence that the witness has been
convicted of a crime shall be admitted if elicited from the witness or established by public
record. If the crime is a felony and the court determines that the probative value of the
evidence outweighs its prejudicial effect, it is admissible. Tex. R. Evid. 609. Here, the trial
court held a hearing outside the presence of the jury to consider the admissibility of
appellant’s prior convictions for impeachment purposes. After hearing argument from both
sides, the court found the convictions admissible for impeachment purposes only and
instructed the jury accordingly. 
          As noted, appellant chose to testify in his own defense.


 Rule 609 applies to the
defendant in a criminal case as to other witnesses. See Harper v. State, 930 S.W.2d 625,
630-31 (Tex.App.–Houston [1st Dist.] 1996, no pet.) (once a defendant in a criminal
prosecution takes the witness stand, the defendant is subject to the same rules as any
other witness). In reviewing the trial court’s decision admitting into evidence a prior
conviction, we must accord the trial court “wide discretion.” Theus v. State, 845 S.W.2d
874, 881 (Tex.Crim.App. 1992), citing Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990) (op. on reh’g) (such a decision should be reversed on appeal only
if there is a showing of clear abuse of discretion).
          Appellant’s prior convictions were a 1982 conviction for burglary of a vehicle and a
1988 conviction for burglary of a habitation.


 Under Rule 609(b), when the conviction and
the witness’s release from confinement occurred more than ten years before trial, to admit
the conviction the court must determine, “in the interests of justice, that the probative value
of the conviction supported by specific facts and circumstances substantially outweighs its
prejudicial effect.” Tex. R. Evid. 609(b). Appellant contends his 1982 burglary of a vehicle
conviction was subject to the 609(b) standard. We disagree.
          As appellant acknowledges on appeal, case law holds that a remote prior conviction
may be treated as less than ten years old if, during the intervening period, the witness has
been convicted of a felony or a misdemeanor involving moral turpitude, indicating the
witness had not reformed following the remote conviction. See, e.g., Hernandez v. State,
976 S.W.2d 753, 755 (Tex.App.–Houston [1st Dist.] 1988, pet. ref’d), citing McClendon v.
State, 509 S.W.2d 851, 855-57 (Tex.Crim.App. 1974) (op. on reh’g). In such an instance,
the remote conviction may be admitted for impeachment purposes under the general rule
of 609(a) rather than the more stringent standard under Rule 609(b). Hernandez, 976
S.W.2d at 755-56.
 
          The record shows that appellant was placed on probation after his 1982 conviction. 
In 1985, appellant’s probation was revoked and he was sentenced to three years
confinement. He was released on parole and, while on parole, committed the offense of
burglary of a habitation, to which he plead guilty in 1988 and received a sentence of 20
years imprisonment. This was the second conviction the State introduced. Appellant was
on parole from prison at the time of the events that lead to his present prosecution.  
          Appellant’s 1988 burglary of a habitation conviction “remove[d] the taint of . . .
distance,” Hernandez, 976 S.W.2d at 755, allowing the 1982 conviction to be treated as “not
remote.” Id. See Henry v. State, No. 01-99-00489-CR, 2000 WL 553203
(Tex.App.–Houston [1st Dist.] May 4, 2000, no pet.) (applying 609(a) to burglary conviction
more than ten years before trial because of intervening auto theft conviction); Crisp v. State,
470 S.W.2d 58, 59-60 (Tex.Crim.App. 1971); accord, McClendon, 509 S.W.2d at 855-56. 
Admissibility of both appellant’s prior convictions for impeachment purposes was governed
by the general rule under 609(a).



          In weighing the probative value of the prior convictions against prejudicial effect, we
apply the non-exhaustive list of factors set forth in Theus, 845 S.W.2d at 880. These
factors include: (1) the impeachment value of the prior crime; (2) the temporal proximity of
the past crime relative to the charged offense, and the witness’s subsequent history; (3) the
similarity between the past crime and the offense being prosecuted; (4) the importance of
the defendant’s testimony; and (5) the importance of the credibility issue. Yanez v. State,
199 S.W.3d 293, 305 (Tex.App.–Corpus Christi 2006, pet. ref’d), citing Theus v. State, 845
S.W.2d 874, 880 (Tex.Crim.App. 1992). 
          Appellant has conceded that the third, fourth and fifth Theus factors favor their
admissibility so we will address only the two remaining factors. With respect to the first
factor, the prior crimes’ impeachment value, we note that both offenses are felonies and
qualify as crimes of deception, which have a higher impeachment value than violent crimes. 
See Theus, 845 S.W.2d at 881; Bryant v. State, 997 S.W.2d 673, 676
(Tex.App.–Texarkana 1999, no pet.) (so holding). Further, Rule 609 favors the admission
of evidence of these types of crimes. Id. Appellant argues in his brief that burglary of a
habitation and burglary of a vehicle are not crimes of deception. However, he cites no
authority to support his position and Texas courts have held otherwise. See, e.g., Baca v.
State, 223 S.W.3d 478, 484 (Tex.App.–Amarillo 2006, no pet.); White v. State, 21 S.W.3d
642, 647 (Tex.App.–Waco 2000, pet. ref’d). Because of the nature of these crimes, their
impeachment value is high. The first factor favors admissibility. 
          By the second Theus factor, we evaluate the “temporal proximity” of the 1982 and
1988 convictions relative to the charged offense, and appellant’s history subsequent to the
two offenses. Hernandez, 976 S.W.2d at 761 (a remote conviction is a poor indication of
the accused’s present character; a remote conviction must have occurred at a time
sufficiently recent to have some bearing on the present credibility of the witness); Sinegal
v. State, 789 S.W.2d 383, 387 (Tex.App.–Houston [1st Dist.] 1990, pet. ref’d). As noted,
appellant continuously was on probation, incarcerated, or on parole during the intervening
years from his 1982 conviction to the present offense. This history of involvement with the
criminal justice system since the earlier conviction neutralizes any effect that the passage
of 24 and 18 years, respectively, between the convictions and trial of the case at bar might
have had on the admissibility of the convictions. See Hernandez, 976 S.W.2d at 755
(referring to “tacking” of offenses). Given appellant’s history, we find the second factor
weighs in favor of admission.
          Each of the five Theus factors weigh in favor of admission of the prior convictions. 
The trial court did not abuse its discretion in permitting the State to utilize appellant’s prior
felony conviction[s] for impeachment purposes.


 We overrule appellant’s first point of error.
 Denial of Motion to Suppress
          In appellant’s second point of error, he contends the trial court abused its discretion
in denying his motion to suppress blood test results. A trial court's ruling on a motion to
suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106
(Tex.Crim.App. 1999). See also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). 
An appellate court must view the evidence in the light most favorable to the court's ruling. 
State v. Ballard, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). In a suppression hearing, the
trial court is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). Finally, if the trial
court's decision is correct on any theory of law applicable to the case, we will uphold that
decision. Ross, 32 S.W.3d at 855-56; Singleton v. State, 91 S.W.3d 342, 347 (Tex.App.–
Texarkana 2002, no pet.).           Appellant’s written motion to suppress the results of tests of the blood samples taken
from him at the hospital asserted the evidence was obtained without probable cause or
reasonable suspicion, and asserted he did not freely, knowingly, or voluntarily consent to a
blood test. Generally speaking, taking a blood sample is a search and seizure within the
scope of the Fourth Amendment to the United States Constitution and Article 1, Section 9
of the Texas Constitution. Schmerber v. California, 384 U.S. 757, 767, 86 S.Ct. 1826, 16
L.Ed.2d 908 (1966); Aliff v. State, 627 S.W.2d 166, 169 (Tex.Crim.App. 1982). Consent for
a search is an exception to the Fourth Amendment requirement of a warrant and probable
cause. Combest v. State, 981 S.W.2d 958, 961 (Tex.App.–Austin 1998, pet. ref’d), citing
Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). 
Here, the State argued that appellant expressly consented to the blood draw while appellant
urges that he was never asked for consent and never gave consent.
          During the course of trial,


 the trial court held a hearing outside the presence of the
jury on appellant’s motion to suppress the results of the blood test.


 Prior to the hearing
outside the presence of the jury, a second trooper testified that, at the hospital, he read
appellant a form called the DIC-24 which contains statutory warnings in relation to breath
and blood samples. The trooper further testified that a registered nurse was present during
the reading. The nurse spoke to appellant, reiterated what the trooper had said, and
explained to appellant that she would be drawing the sample for the trooper. The trooper
testified that it is policy at the hospital for the nurse to “verbally hear” the person give consent
to draw the sample of blood or they will not draw it. The nurse’s testimony supported the
trooper’s statement; she testified that if appellant had refused, she would not have taken the
sample because “it’s not legal.” The trooper testified that when he asked appellant for
consent to draw the blood sample, appellant responded “why not, you are going to get it
anyway.”
          Appellant also testified at the hearing. While he acknowledged the presence and
actions of the trooper and the nurse, he asserted he did not give permission or consent for
DPS to take his blood. He also testified that both the nurse and the trooper were lying
regarding his consent. Following the presented testimony and argument from counsel, the
trial court denied appellant’s motion to suppress. 
          The trial court was within its discretion to accept the testimony that appellant
consented to the blood draw. Ross, 32 S.W.3d at 858. Accordingly, it did not abuse its
discretion in denying appellant’s motion to suppress. We overrule appellant’s second issue.
 
Factual Sufficiency
           In appellant’s last point of error, he contends the evidence presented at trial was
insufficient to support his conviction. The information alleged that appellant operated a motor
vehicle in a public place while intoxicated, and included each of the statutory definitions of
intoxication, alleging appellant did not have the normal use of mental or physical faculties
by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
a combination of two or more of those substances, or any other substance into the body; and
that he had an alcohol concentration of 0.08 or more. See Tex. Penal Code Ann. §§ 
49.01(2)(A), (B); 49.04(a) (Vernon 2003). Appellant testified at trial that he was the only
driver of the vehicle and that he was driving on a public highway from Dallas to Lubbock. 
Appellant’s contention is he was not intoxicated and the evidence presented at trial failed to
prove otherwise.  
          Evidence supporting guilt, though legally sufficient, may be factually insufficient
because it is so weak that the jury’s verdict seems clearly wrong and manifestly unjust, or 
because evidence contrary to the verdict is such that the jury’s verdict is against the great
weight and preponderance of the evidence. Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006);
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we
consider all the evidence in a neutral light. Marshall, 210 S.W.3d at 625; Watson, 204
S.W.3d at 414. A proper factual sufficiency review must include a discussion of the most
important and relevant evidence that supports the appellant’s complaint on appeal. Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
          We find the evidence factually sufficient to support the element of intoxication on the
theory appellant did not have the normal use of his mental or physical faculties. The trooper
who talked with appellant at the accident scene testified that, in his opinion, appellant was
intoxicated. Asked to list the factors on which he based that conclusion, the trooper cited
appellant’s admission he had consumed alcohol, the nature of the vehicle accident,
appellant’s inability to describe how the accident occurred, his belligerence and lack of
cooperation with emergency personnel, the strong odor of alcohol about appellant, his
bloodshot eyes, and his failure to recite the alphabet correctly. Concerning the nature of the
accident, the trooper testified tire marks showed appellant’s vehicle completely left the
pavement to the right side of the highway, swerved left, then right, back to the left, across
the westbound lanes and into the median, where it overturned. 
           To this evidence we add appellant’s admissions at trial that he did not know how the
crash occurred and that he had a “few drinks” in Dallas earlier that day, the evidence he
stopped in Slaton to consume alcohol,


 and that he felt “buzzed.” See McCarble v. State, No.
06-98-00272-CR, 2000 WL 300165 (Tex.App.–Texarkana, March 24, 2000, no pet.) (mem.
op., not designated for publication) (finding evidence of intoxication sufficient on similar
facts).
 
          The results of the tests on the blood samples taken at the hospital were admitted into
evidence. The first showed appellant’s blood alcohol concentration level to be 0.16 grams
of alcohol per 100 millimeters, and the later, a concentration 0.135.


 Even in the absence
of retrograde extrapolation testimony, the test results showing appellant’s level well above
the intoxication level of 0.08% are probative of his intoxication at the time he was driving,
under the impairment definition. See State v. Mechler, 153 S.W.3d 435, 441 (Tex.Crim.App.
2005), citing Stewart v. State, 129 S.W.3d 93, 97 (Tex.Crim.App. 2004) (finding intoxilyzer
results are probative and admissible without retrograde extrapolation testimony).
          Evidence contrary to the verdict includes that indicating that appellant’s condition at
the time the trooper saw him in the ambulance was in part due to the vehicle crash. The
trooper testified he did not administer the standardized field sobriety tests because of a large
bump on appellant’s head. At trial, appellant testified he was talking on the phone at the
time of the accident. He said he came around a corner, slid on some gravel, and started
“fishing.” He was unable to gain control of the car and the next thing he knew, he woke up
upside down. Appellant got out of the car with help from a bystander and reached into his
car to get his bag and cell phone. Appellant testified that he felt he was buzzed from the
accident. The trooper testified appellant told him this as well.
 
          Having reviewed all of the evidence in a neutral light, as we must, we cannot say that
the evidence presented in support of appellant’s guilt was so weak that the jury’s verdict
seems clearly wrong and manifestly unjust, or that the evidence contrary to the verdict is
such that the jury’s verdict is against the great weight and preponderance of the evidence. 
Accordingly, we conclude the evidence appellant was intoxicated while he operated his
vehicle was factually sufficient and so overrule his last point of error. 
          Appellant’s conviction and sentence are affirmed.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
 
 
 
Do not publish.