NO. 07-06-0424-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2008
_____

GEORGE MYERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW TWO OF LUBBOCK COUNTY;

NO. 2006-498,891; HONORABLE DRUE FARMER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant George Myers appeals his conviction of driving while intoxicated and the resulting sentence of 180 days in county jail and a $1,000 fine. By three issues, appellant contends: (1) the trial court erred in permitting the State to impeach him with two prior convictions; (2) the trial court erred in denying his motion to suppress; and (3) the evidence is factually insufficient to support his conviction. We will overrule each of appellant's issues, and affirm.

Background

By an April 2006 information, appellant was charged with driving while intoxicated.[1] The case was tried to a jury in October 2006. Evidence at trial showed appellant was the driver of a car involved in a one-vehicle rollover outside the city of Slaton, in Lubbock County. A Department of Public Safety trooper testified he arrived at the scene of the accident and found appellant in an ambulance, being treated by emergency personnel. Appellant told the trooper he was traveling from Dallas to Lubbock when the accident occurred. During the course of his conversation with appellant, the trooper noted an odor of an alcoholic beverage. Appellant admitted he had been drinking. Appellant was taken to a Lubbock hospital shortly thereafter where blood samples were taken. The results of tests of those samples led to the instant prosecution. Appellant testified at trial, denying that he was intoxicated.

The jury found appellant guilty as charged in the information. Punishment was assessed against appellant at confinement in the Lubbock County Jail for a term of 180 days and a $1,000 fine. The court imposed sentence accordingly and appellant timely appealed.

---

[1] *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). This is a Class B misdemeanor with a minimum term of confinement of 72 hours.

Analysis

*Impeachment Evidence*

In appellant's first issue, he contends the trial court erred in permitting the State to impeach him with two prior felony convictions.  Texas Rule of Evidence 609 provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record.  If the crime is a felony and the court determines that the probative value of the evidence outweighs its prejudicial effect, it is admissible.  Tex. R. Evid. 609.  Here, the trial court held a hearing outside the presence of the jury to consider the admissibility of appellant's prior convictions for impeachment purposes.  After hearing argument from both sides, the court found the convictions admissible for impeachment purposes only and instructed the jury accordingly.

As noted, appellant chose to testify in his own defense.[2]  Rule 609 applies to the defendant in a criminal case as to other witnesses.  *See Harper v. State,* 930 S.W.2d 625, 630-31 (Tex.App.–Houston [1ˢᵗ Dist.] 1996, no pet.) (once a defendant in a criminal prosecution takes the witness stand, the defendant is subject to the same rules as any other witness).  In reviewing the trial court's decision admitting into evidence a prior conviction, we must accord the trial court "wide discretion."  *Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App. 1992), *citing Montgomery v. State,* 810 S.W.2d 372, 391

_____

[2] The trial court admonished appellant regarding his right to refrain from testifying and regarding the State's use of his prior convictions.

(Tex.Crim.App. 1990) (op. on reh'g) (such a decision should be reversed on appeal only if there is a showing of clear abuse of discretion).

Appellant's prior convictions were a 1982 conviction for burglary of a vehicle and a 1988 conviction for burglary of a habitation.[3] Under Rule 609(b), when the conviction and the witness's release from confinement occurred more than ten years before trial, to admit the conviction the court must determine, "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Tex. R. Evid. 609(b). Appellant contends his 1982 burglary of a vehicle conviction was subject to the 609(b) standard. We disagree.

As appellant acknowledges on appeal, case law holds that a remote prior conviction may be treated as less than ten years old if, during the intervening period, the witness has been convicted of a felony or a misdemeanor involving moral turpitude, indicating the witness had not reformed following the remote conviction. *See*, *e.g.*, *Hernandez v. State,* 976 S.W.2d 753, 755 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd), *citing McClendon v. State,* 509 S.W.2d 851, 855-57 (Tex.Crim.App. 1974) (op. on reh'g). In such an instance, the remote conviction may be admitted for impeachment purposes under the general rule of 609(a) rather than the more stringent standard under Rule 609(b). *Hernandez*, 976 S.W.2d at 755-56.

---

[3] *See* Tex. Penal Code Ann. § 30.02 (Vernon 2003) (second degree felony) and Tex. Penal Code Ann. § 30.04 (Vernon 2007) (at the time of appellant's conviction, an offense under § 30.04 was a third degree felony).

The record shows that appellant was placed on probation after his 1982 conviction. In 1985, appellant's probation was revoked and he was sentenced to three years confinement. He was released on parole and, while on parole, committed the offense of burglary of a habitation, to which he plead guilty in 1988 and received a sentence of 20 years imprisonment. This was the second conviction the State introduced. Appellant was on parole from prison at the time of the events that lead to his present prosecution.

Appellant's 1988 burglary of a habitation conviction "remove[d] the taint of . . . distance," *Hernandez,* 976 S.W.2d at 755, allowing the 1982 conviction to be treated as "not remote." *Id. See Henry v. State,* No. 01-99-00489-CR, 2000 WL 553203 (Tex.App.–Houston [1st Dist.] May 4, 2000, no pet.) (applying 609(a) to burglary conviction more than ten years before trial because of intervening auto theft conviction); *Crisp v. State,* 470 S.W.2d 58, 59-60 (Tex.Crim.App. 1971); *accord, McClendon*, 509 S.W.2d at 855-56. Admissibility of both appellant's prior convictions for impeachment purposes was governed by the general rule under 609(a).[4]

In weighing the probative value of the prior convictions against prejudicial effect, we apply the non-exhaustive list of factors set forth in *Theus*, 845 S.W.2d at 880. These factors include: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense, and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of

---

[4] Appellant does not contend his 1988 conviction was subject to Rule 609(b). Although the conviction date was well over ten years before trial of the present offense, he had not been released for ten years from confinement imposed for that conviction.

the defendant's testimony; and (5) the importance of the credibility issue. *Yanez v. State,* 199 S.W.3d 293, 305 (Tex.App.–Corpus Christi 2006, pet. ref'd), *citing Theus v. State,* 845 S.W.2d 874, 880 (Tex.Crim.App. 1992).

Appellant has conceded that the third, fourth and fifth *Theus* factors favor their admissibility so we will address only the two remaining factors. With respect to the first factor, the prior crimes' impeachment value, we note that both offenses are felonies and qualify as crimes of deception, which have a higher impeachment value than violent crimes. *See Theus,* 845 S.W.2d at 881; *Bryant v. State,* 997 S.W.2d 673, 676 (Tex.App.–Texarkana 1999, no pet.) (so holding). Further, Rule 609 favors the admission of evidence of these types of crimes. *Id.* Appellant argues in his brief that burglary of a habitation and burglary of a vehicle are not crimes of deception. However, he cites no authority to support his position and Texas courts have held otherwise. *See, e.g., Baca v. State,* 223 S.W.3d 478, 484 (Tex.App.–Amarillo 2006, no pet.); *White v. State,* 21 S.W.3d 642, 647 (Tex.App.–Waco 2000, pet. ref'd). Because of the nature of these crimes, their impeachment value is high. The first factor favors admissibility.

By the second *Theus* factor, we evaluate the "temporal proximity" of the 1982 and 1988 convictions relative to the charged offense, and appellant's history subsequent to the two offenses. *Hernandez,* 976 S.W.2d at 761 (a remote conviction is a poor indication of the accused's present character; a remote conviction must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness); *Sinegal v. State,* 789 S.W.2d 383, 387 (Tex.App.–Houston [1st Dist.] 1990, pet. ref'd). As noted,

6

appellant continuously was on probation, incarcerated, or on parole during the intervening years from his 1982 conviction to the present offense. This history of involvement with the criminal justice system since the earlier conviction neutralizes any effect that the passage of 24 and 18 years, respectively, between the convictions and trial of the case at bar might have had on the admissibility of the convictions. *See Hernandez*, 976 S.W.2d at 755 (referring to "tacking" of offenses). Given appellant's history, we find the second factor weighs in favor of admission.

Each of the five *Theus* factors weigh in favor of admission of the prior convictions. The trial court did not abuse its discretion in permitting the State to utilize appellant's prior felony conviction[s] for impeachment purposes.[5] We overrule appellant's first point of error.

*Denial of Motion to Suppress*

In appellant's second point of error, he contends the trial court abused its discretion in denying his motion to suppress blood test results. A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). *See also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). An appellate court must view the evidence in the light most favorable to the court's ruling. *State v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). Finally, if the trial

---

[5] We note also appellant himself testified about his present parole status and the fact that his testimony could result in revocation of his parole if convicted of the present offense.

court's decision is correct on any theory of law applicable to the case, we will uphold that decision. *Ross*, 32 S.W.3d at 855-56; *Singleton v. State,* 91 S.W.3d 342, 347 (Tex.App.– Texarkana 2002, no pet.).

Appellant's written motion to suppress the results of tests of the blood samples taken from him at the hospital asserted the evidence was obtained without probable cause or reasonable suspicion, and asserted he did not freely, knowingly, or voluntarily consent to a blood test. Generally speaking, taking a blood sample is a search and seizure within the scope of the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution. *Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Aliff v. State,* 627 S.W.2d 166, 169 (Tex.Crim.App. 1982). Consent for a search is an exception to the Fourth Amendment requirement of a warrant and probable cause. *Combest v. State,* 981 S.W.2d 958, 961 (Tex.App.–Austin 1998, pet. ref'd), *citing Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Here, the State argued that appellant expressly consented to the blood draw while appellant urges that he was never asked for consent and never gave consent.

During the course of trial,[6] the trial court held a hearing outside the presence of the jury on appellant's motion to suppress the results of the blood test.[7] Prior to the hearing

---

[6] Because the motion to suppress was heard during trial, the court had trial evidence as well as evidence presented to it during the motion hearing to consider in its ruling.

[7] The record reflects that two blood samples were taken from appellant at the hospital. One was the legal blood draw at issue in this appeal. The other was a medical blood draw to be used by the hospital in treating appellant. Both samples tested positive for alcohol.

8

outside the presence of the jury, a second trooper testified that, at the hospital, he read appellant a form called the DIC-24 which contains statutory warnings in relation to breath and blood samples. The trooper further testified that a registered nurse was present during the reading. The nurse spoke to appellant, reiterated what the trooper had said, and explained to appellant that she would be drawing the sample for the trooper. The trooper testified that it is policy at the hospital for the nurse to "verbally hear" the person give consent to draw the sample of blood or they will not draw it. The nurse's testimony supported the trooper's statement; she testified that if appellant had refused, she would not have taken the sample because "it's not legal." The trooper testified that when he asked appellant for consent to draw the blood sample, appellant responded "why not, you are going to get it anyway."

Appellant also testified at the hearing. While he acknowledged the presence and actions of the trooper and the nurse, he asserted he did not give permission or consent for DPS to take his blood. He also testified that both the nurse and the trooper were lying regarding his consent. Following the presented testimony and argument from counsel, the trial court denied appellant's motion to suppress.

The trial court was within its discretion to accept the testimony that appellant consented to the blood draw. *Ross,* 32 S.W.3d at 858. Accordingly, it did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's second issue.

9

*Factual Sufficiency*

In appellant's last point of error, he contends the evidence presented at trial was insufficient to support his conviction. The information alleged that appellant operated a motor vehicle in a public place while intoxicated, and included each of the statutory definitions of intoxication, alleging appellant did not have the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; and that he had an alcohol concentration of 0.08 or more. *See* Tex. Penal Code Ann. §§ 49.01(2)(A), (B); 49.04(a) (Vernon 2003). Appellant testified at trial that he was the only driver of the vehicle and that he was driving on a public highway from Dallas to Lubbock. Appellant's contention is he was not intoxicated and the evidence presented at trial failed to prove otherwise.

Evidence supporting guilt, though legally sufficient, may be factually insufficient because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or because evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we consider all the evidence in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. A proper factual sufficiency review must include a discussion of the most

10

important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

We find the evidence factually sufficient to support the element of intoxication on the theory appellant did not have the normal use of his mental or physical faculties. The trooper who talked with appellant at the accident scene testified that, in his opinion, appellant was intoxicated. Asked to list the factors on which he based that conclusion, the trooper cited appellant's admission he had consumed alcohol, the nature of the vehicle accident, appellant's inability to describe how the accident occurred, his belligerence and lack of cooperation with emergency personnel, the strong odor of alcohol about appellant, his bloodshot eyes, and his failure to recite the alphabet correctly. Concerning the nature of the accident, the trooper testified tire marks showed appellant's vehicle completely left the pavement to the right side of the highway, swerved left, then right, back to the left, across the westbound lanes and into the median, where it overturned.

To this evidence we add appellant's admissions at trial that he did not know how the crash occurred and that he had a "few drinks" in Dallas earlier that day, the evidence he stopped in Slaton to consume alcohol,[8] and that he felt "buzzed." *See McCarble v. State*, No. 06-98-00272-CR, 2000 WL 300165 (Tex.App.–Texarkana, March 24, 2000, no pet.) (mem. op., not designated for publication) (finding evidence of intoxication sufficient on similar facts).

---

[8] At trial, appellant testified he did not stop in Slaton and did not drink alcohol there. However, the record indicates appellant made statements to the contrary that were recorded on the officer's patrol car video system. The trooper testified also that appellant told him he had consumed alcohol in Slaton.

The results of the tests on the blood samples taken at the hospital were admitted into evidence. The first showed appellant's blood alcohol concentration level to be 0.16 grams of alcohol per 100 millimeters, and the later, a concentration 0.135.[9] Even in the absence of retrograde extrapolation testimony, the test results showing appellant's level well above the intoxication level of 0.08% are probative of his intoxication at the time he was driving, under the impairment definition. *See State v. Mechler*, 153 S.W.3d 435, 441 (Tex.Crim.App. 2005), *citing Stewart v. State*, 129 S.W.3d 93, 97 (Tex.Crim.App. 2004) (finding intoxilyzer results are probative and admissible without retrograde extrapolation testimony).

Evidence contrary to the verdict includes that indicating that appellant's condition at the time the trooper saw him in the ambulance was in part due to the vehicle crash. The trooper testified he did not administer the standardized field sobriety tests because of a large bump on appellant's head. At trial, appellant testified he was talking on the phone at the time of the accident. He said he came around a corner, slid on some gravel, and started "fishing." He was unable to gain control of the car and the next thing he knew, he woke up upside down. Appellant got out of the car with help from a bystander and reached into his car to get his bag and cell phone. Appellant testified that he felt he was buzzed from the accident. The trooper testified appellant told him this as well.

---

[9] The record indicates the vehicle accident occurred some time before 11:00 p.m. The trooper at the hospital was contacted at about 11:22 p.m. about obtaining a blood sample from appellant. The record indicates this blood draw was taken shortly after this time. Medical records show appellant's second blood test was taken at approximately 1:16 a.m.

Having reviewed all of the evidence in a neutral light, as we must, we cannot say that the evidence presented in support of appellant's guilt was so weak that the jury's verdict seems clearly wrong and manifestly unjust, or that the evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. Accordingly, we conclude the evidence appellant was intoxicated while he operated his vehicle was factually sufficient and so overrule his last point of error.

Appellant's conviction and sentence are affirmed.


James T. Campbell
Justice


Do not publish.